■ PETROLEUM SERVICE COMPANY, Respondent, v STEEL CITY PAINTING COMPANY, INC., et al., Appellants; VALVOLINE COMPANY, a Division of ASHLAND OIL COMPANY, INC., Respondent, et al., Defendants.—Mahoney, P. J. Appeal from a judgment of the Supreme Court in favor of plaintiff, entered November 9, 1984 in Greene County, upon a decision of the court at Trial Term (Conway, J.), without a jury.

Defendant Steel City Painting Company, Inc. (Steel City) contracted with defendant New York State Thruway Authority to paint three bridges. The approved paint was manufactured by defendant Valvoline Company,* a division of Ashland Oil Company, Inc. A Valvoline product information sheet represented that one coat of paint, applied at a wet mil thickness of 11 to 15, would dry to a thickness of 5 to 7 mils. In August 1979, Steel City telephonically placed an order for the Valvoline paint with plaintiff, a distributor of petroleum products manufactured by Valvoline. The paint was shipped

---

* While the pleadings denote Valvoline as a third-party defendant, the only claim against Valvoline is by plaintiff for indemnification. Therefore, we shall treat Valvoline as a defendant.

directly from Valvoline to Steel City's work site in early August 1979. The accompanying invoice indicated that the color of the order paint was "medium green". After 30 days passed without payment, plaintiff contacted Steel City only to learn that Steel City had been advised by the Thruway Authority inspector at the work site that, pursuant to the contract, it had to use "island green" paint. Plaintiff ordered island green from Valvoline and obtained a credit for the price of the returned paint, less a restocking charge of $766.88 and the price of damaged paint drums in the amount of $983.50. The second shipment of paint was delivered to Steel City's work site on October 1, 1979.

Steel City had agreed to have the three bridges painted by October 5, 1979. It finished the project 19 days late and was penalized $5,700 by the Thruway Authority at the agreed-upon penalty rate of $300 per day for each day's delay. A subsequent test of the paint revealed that it had dried to a thickness of only 1.25 to 4 mils on two of the three bridges, well below the required dry thickness of 5 to 7 mils. Steel City was thus required to repaint two of the three bridges in the spring of 1980. Steel City ordered the paint from plaintiff in April 1980 and paid by check upon delivery. However, it then stopped payment on the check, claiming that the second shipment of paint had been defective and resulted in the paint drying too thin.

Plaintiff commenced this action against Steel City, the State of New York and the Thruway Authority seeking damages for the unpaid third shipment. Steel City counterclaimed and asserted that the second shipment was defective, thereby causing it to suffer damages and contractual penalties for not completing the work on time. Plaintiff also asserted a claim against Valvoline. After a nonjury trial was concluded, Steel City moved to reopen its case in order to produce expert testimony to rebut proof offered by a witness called by Steel City. The motion was denied and Trial Term dismissed the claim against the State of New York and the Thruway Authority and awarded plaintiff $6,293.19 in damages against Steel City. This appeal by Steel City ensued.

Turning first to the motion by Steel City to reopen its case, we hold that it was not an abuse of discretion for Trial Term to deny the motion. After a party has produced all of its evidence and rested its case, it is within the discretion of the court whether to allow reopening of the case (see, Feldsberg v Nitschke, 49 NY2d 636, 643). Here, Steel City made its motion soon after it had rested its case. However, counsel for Steel

City did not indicate who or where its expert was, nor when he could be produced for trial. Further, Steel City wanted to call an expert to rebut the testimony of its own witness. On these facts, we are constrained to conclude that Trial Term did not abuse its discretion in denying the motion.

In reviewing a verdict after a nonjury trial, the authority of this court is as broad as that of the trial court *(Northern Westchester Professional Park Assoc. v Town of Bedford,* 60 NY2d 492, 499). We may render the judgment we find warranted by the facts, taking into account the realization that the trial court had the advantage of seeing the witnesses *(id.).* Here, Steel City claimed that plaintiff breached express and implied warranties since the second shipment of paint was defective. While plaintiff did not deny that the manufacturer's representation that its paint, if applied at a wet mil thickness of 11 to 15, would dry to a thickness of 5 to 7 mils constituted a warranty, it did claim, and prove to Trial Term's satisfaction, that Steel City did not apply the paint properly.

In order for the paint to perform as the manufacturer claimed, coverage was to be at 100 to 150 square feet per gallon. Approximately 650 gallons were used to paint the three bridges. Thus, if applied properly, that volume would cover between 65,000 to 97,500 square feet. The Thruway Authority had calculated the area of the three bridges to be 125,000 square feet. Clearly, the number of gallons of paint used by Steel City was inadequate to properly cover the square footage of the three bridges.

Next, Steel City's contention that measurements done at the work site support its claim that the paint was defective is without merit. While experts for Steel City testified that they checked the wet mil "many" times and found the thickness over the required 11 mils, they were not able to testify that they took dry measurements at the same spots the wet measurements were taken. Further, one of the three bridges was found to have a sufficient dry mil thickness. Such proof does not support Steel City's assertion that the paint was defective.

The remaining issues, i.e., that Trial Term erred in finding that Steel City initially ordered the wrong color paint, that the Thruway Authority's inspector, called as a witness by Steel City, was not qualified to testify as an expert, and that the court incorrectly calculated plaintiff's damages, are without merit and do not require discussion.

Judgment affirmed, with costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.