■ D. C. LEATHERS, INC., Appellant, v GELMART INDUSTRIES, INC., Respondent.—Harvey, J. Appeal from a judgment of the Supreme Court in favor of plaintiff, entered May 30, 1985 in Fulton County, upon a decision of the court at Trial Term (Walsh, Jr., J.), without a jury.

Plaintiff and its corporate predecessor had dealt with defendant for a substantial period of time. Defendant manufactures knit gloves, which have leather palms, at its facility in the Philippine Islands. Plaintiff produces cut leather palms in Fulton County and transports them to defendant's warehouse in Queens County, from where they are transshipped to Manila, Philippine Islands. Prior to 1981, the quality of goods had been within the industry-wide tolerance level which allows for a defect in 1 to 2% of the goods.

In November 1981, following corporate restructuring by

plaintiff, defendant received two cartons at its warehouse which were damaged and contained substandard goods. Thereafter, defendant's officials ordered their Philippine plant's manager to do immediate inspections of the goods upon receipt in Manila, rather than waiting until just before attaching the palms to the gloves as had been the normal inspection procedure. Defendant's Philippine employees found one third of the goods under invoices Nos. 06519, 06521 and 06525 to be defective.

Defendant refused to remit any payment for the goods and plaintiff commenced this action for the full price of the goods. Trial Term found that one third of the goods were defective and thus awarded plaintiff two thirds of the demanded sum. Plaintiff appeals, contending it is entitled to full payment.

This court has broad authority to review a verdict after a nonjury trial *(Northern Westchester Professional Park Assoc. v Town of Bedford,* 60 NY2d 492, 499). We may render the judgment we find warranted by the facts, taking into account the fact that the Trial Judge had the advantage of seeing and assessing credibility of the witnesses *(Petroleum Serv. Co. v Steel City Painting Co.,* 115 AD2d 872, 874). Here, plaintiff contends that there was inadequate evidence at the trial to establish that one third of the goods were defective. We cannot agree. Trial Term credited the testimony of one of defendant's officers in concluding that one third of the goods were nonconforming. Further, there were sufficient exhibits and testimony, as well as an inspection of the goods, to support the court's finding that the defective goods were from plaintiff's inventory and not an accumulation from other sources.

Plaintiff next asserts several principles of commercial law in support of its claim that it is entitled to the full amount of the invoices. First, plaintiff suggests that defendant was required under UCC 2-513 to inspect the goods at its warehouse in Queens County. The buyer's right of inspection may be exercised at any reasonable time or place and in any reasonable manner (UCC 2-513, Official Comment 3; *see, Schnitzer v Lang,* 239 NY 1, 5). Particularly relevant in determining the reasonableness of the time, place or manner of the inspection are trade customs and the past practices between the parties (UCC 2-513, Official Comment 3). Here, the evidence is clear that throughout their business association, plaintiff knew that defendant's Queens County warehouse was only a temporary receiving point and that defendant transshipped the goods to their main destination in Manila *(cf. Columbia Can Co. v*

*African Middle E. Mktg.*, 455 A2d 1143, 1146 [NJ]). Plaintiff, in fact, actually packaged the goods for immediate export. The Queens County warehouse did not have appropriate inspection facilities. Further, it was not the practice of the industry to open the cartons and inspect the thousands of leather palms in advance of the time they were to actually be used *(see, GNP Commodities v Walsh Hessernan Co.,* 420 NE2d 659, 665 [Ill]). Hence, we concur with Trial Term's conclusion that Manila was a reasonable place for inspection of the goods.

Next, plaintiff urges that it did not receive adequate notification of rejection from defendant (UCC 2-602 [1]) and, thus, defendant is deemed to have accepted the goods (UCC 2-606 [1] [b]). At trial, however, a series of letters from defendant indicating that the leather palms were defective were put into evidence. It is reasonable to infer that the letters constituted notice to plaintiff that there was a continuing problem with nonconforming goods.

Plaintiff further asserts that defendant's rejection was not timely. However, in light of the fact that rejection occurred within one month after receipt of the goods and was done in compliance with the reasonable practices of the industry *(see, Sherkate Sahami Khass Rapol v Jahn & Son,* 701 F2d 1049, 1051), we conclude that Trial Term correctly found defendant's inspection and rejection to be timely.

Plaintiff's further assertion that each carton of leather palms constituted a commercial unit (UCC 2-601 [c]) has been considered and found meritless.

Judgment affirmed, with costs. Mahoney, P. J., Main, Weiss, Mikoll and Harvey, JJ.