■ ROBERT F. LUSK et al., Appellants, v DERU MANAGEMENT SERVICES, INC., Respondent.—Harvey, J. Appeal from a judgment of the Supreme Court (Kuhnen, J.), entered December 1, 1986 in Broome County, upon a decision of the court, without a jury, in favor of defendant.

In 1974 Thomas C. Dean and Rodney D. Rudolph formed defendant, a food service corporation. In 1980 Dean and Rudolph negotiated with plaintiff Robert F. Lusk in an attempt to convince him and his management team, plaintiff R. Joseph Grover and Stanley Schott, to work for defendant. As a result, the parties executed a handwritten agreement on August 22, 1980 which provided that plaintiffs would work for defendant and that Schott would be offered the next available position. The agreement described plaintiffs' job titles, salaries, severance pay, vacation time and other benefits, and further provided as follows:

"1. [Defendant] will pay to Lusk & Grover 1% of Net Vending Sales * * *

"11. In consideration Lusk and Grover under separate note will loan Dean and Rudolph $19,000. At the end of three years Lusk and Grover will release Dean and Rudolph from repayment of note."

There was testimony that, at 1980 sales level, 1% of net sales would amount to $19,000 over a three-year period. Thus, these provisions of the contract, in addition to supplying defendant with additional cash, were seen as an incentive for plaintiffs to produce effectively. In compliance with the agreement, plaintiffs each gave $9,500 to Dean and Rudolph in exchange for notes providing for repayment if plaintiffs' employment with defendant was terminated on or prior to August 24, 1983. Shortly thereafter, in September 1980, Schott was employed by defendant and he entered into an agreement with plaintiffs to purchase from them a one-third interest in

the notes issued by Dean and Rudolph. Plaintiffs agreed to give Schott an interest in the 1% commissions.

Plaintiffs and Schott worked for defendant without incident for almost three years. However, as August 1983 drew near, plaintiffs sought a new agreement with Dean and Rudolph securing the $19,000 before their notes were automatically released pursuant to paragraph 11 of the contract. Dean testified that he advised plaintiffs that defendant had complied with the agreement by paying the 1% commission over the three-year period and, therefore, that there was no debt outstanding. Plaintiffs tendered conditional letters of resignation to become effective August 19, 1983 "[i]f by August 12, 1983 there is no constructive progress toward a new agreement". There was testimony that no progress was made in reaching an agreement by August 12, 1983. However, on August 22, 1983, following the effective date of plaintiffs' resignations, the parties executed three similar agreements providing that Dean and Rudolph would pay $6,333.33 to each of the plaintiffs and Schott upon termination of their employment. The agreements provided that each employee "acknowledges that the benefits accruing to him under this agreement are in lieu of any and all other obligations due and payable to him".

Approximately two months later, Dean and Rudolph sold all of the stock in defendant to a corporation which terminated the employment of plaintiffs and Schott within six months. Two lawsuits followed. Plaintiffs and Schott sued Dean and Rudolph to recover the sum of $6,333.33 each pursuant to the terms of the August 22, 1983 agreements. Plaintiffs also commenced this action against defendant seeking severance pay, commissions and vacation pay pursuant to the terms of the August 1980 agreement. The actions were tried together before Supreme Court, without a jury. In the action seeking damages for breach of the August 22, 1983 agreements, the court found in favor of plaintiffs and Schott. No appeal was taken from that judgment. As to the claim that the August 1980 agreement had been breached, the court found in favor of defendant and thus a judgment was entered dismissing the complaint. It is from this judgment which plaintiffs have appealed.

Although this court is vested with broad powers of review with respect to nonjury trials (*D. C. Leathers v Gelmart Indus.,* 125 AD2d 738, 739; *Mesick v State of New York,* 118 AD2d 214, 219, *lv denied* 68 NY2d 611), we find no reason to disturb the factual resolution of the conflicting evidence made

by Supreme Court which had the advantage of seeing the witnesses. Supreme Court found that the 1980 contract was not in force when plaintiffs' employment was terminated. By the terms of plaintiffs' 1983 resignation letters, their resignations were to become effective if no "constructive progress" was made toward a new agreement by August 12, 1983. There was evidence that no progress was made prior to August 12, 1983. The new agreements were not entered into until after the resignation date given by plaintiffs. Thus, there is evidence supporting the finding that the 1980 agreement had been terminated by plaintiffs' resignations. Further, the terms of the August 1983 agreements, which were not unambiguous on their face, could be reasonably construed by Supreme Court (with the aid of evidence offered at trial) as relieving defendant from its obligations to plaintiffs under the August 1980 agreement. Indeed, the August 1983 agreements provided that their benefits were "in lieu of any and all other obligations due". Although the 1983 agreements named only Dean and Lusk, it was reasonable for the court to conclude that it was the intent of the parties to consolidate the obligations of Dean, Lusk and defendant. Upon review of the record, we conclude that the judgment should be affirmed.

Judgment affirmed, with costs. Mahoney, P. J., Weiss, Yesawich, Jr., and Harvey, JJ., concur.