■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MILTON PALACIOS, Appellant. [614 NYS2d 294] —Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Boklan, J.), rendered September 13, 1993, convicting him of attempted assault in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that he was denied the effective assistance of counsel is without merit. The record indicates that he was afforded meaningful representation (see, People v Baldi, 54 NY2d 137). Sullivan, J. P., Pizzuto, Joy and Goldstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DAVID PARKER, KEVIN KING and DAVID THOMAS, Respondents. [614 NYS2d 312] —Appeal by the People from an order of the County Court, Dutchess County (Berry, J.), dated September 15, 1992, which, after a hearing, granted those branches of the defendants' omnibus motions which were to suppress physical evidence.

Ordered that the matter is remitted to the County Court, Dutchess County, to report its findings of fact in accordance with CPL 710.60 (4), and the appeal is held in abeyance in the interim. The County Court shall file its report with all convenient speed.

In granting those branches of the defendants' omnibus motions which were to suppress physical evidence, the court determined that the police officers' observations did not fall within the plain view exception to the warrant requirement. However, the court failed to make express findings of fact as required by CPL 710.60 (4) and (6) as to its determination of the credibility of the police witnesses. We therefore remit this matter to the County Court so that it may state the findings of fact essential to its determination (see, People v Tirado, 69 NY2d 863; People v Rumph, 190 AD2d 698). Miller, J. P., O'Brien, Ritter and Krausman, JJ., concur.