■ ARNOLD G. CHAPMAN et al., Appellants-Respondents, v STATE OF NEW YORK, Respondent-Appellant. [642 NYS2d 975]

—White, J. Cross appeals from an order of the Court of Claims (Bell, J.), entered April 6, 1995, which, *inter alia*, partially granted the State's motion for reargument of a previous application for an order of preclusion.

This case was previously before this Court (189 AD2d 1075), at which time we concluded that claimants' responses to the State's demand for a bill of particulars describing claimants' three expert medical witnesses and the testimony that would be adduced from them at trial failed to comply with the requirements of CPLR 3101 (d) (1) (i), in that they did not set forth "in reasonable detail * * * the facts and opinions on which each expert is expected to testify * * * [or] a summary of the grounds for each expert's opinion" (*see, Brossoit v O'Brien*, 169 AD2d 1019, 1020-1021). We accordingly remitted the matter to the Court of Claims for further proceedings.

Thereafter, claimants, proceeding *pro se* served a second expert witness notice listing seven medical experts. This prompted a motion by the State to preclude claimants from presenting these experts' testimony on the ground that the notice did not comply with the requirements of CPLR 3101 (d) (1) (i) and further indicated that the experts' testimony would encompass injuries and conditions not set forth in the bill of particulars. The Court of Claims denied the motion, stating that, upon proper objection at trial, it would preclude expert testimony that was not within the parameters of the bill of particulars. On reargument, the Court of Claims modified its order to preclude the testimony of one expert as being outside the scope of the bill of particulars. These cross appeals ensued.*

In our view, the testimony of physicians Peter Kansas, Igal Zuravicky and Richard McCaffrey should also have been precluded since claimants' notice clearly indicates that their expected testimony will concern injuries and conditions not contained within the bill of particulars. As for the remaining witnesses, even though claimants' notice is deficient in that it does not contain the substance of their opinions and a summary of the grounds for each opinion, the exclusion of their testimony would be too draconian considering claimants' *pro se* status and apparent good-faith effort to provide a sufficient response. Delaying the resolution of this matter until trial as the Court of Claims did is inappropriate, however, as it contravenes the purpose of CPLR 3101 (d) (1) (i), which is to facilitate effective cross-examination and rebuttal testimony (*see, Uresil Corp. v Cook Group*, 135 FRD 168 [construing Fed Rules Civ Pro,

---

* Claimants have withdrawn their appeal.

rule 26 (b) (4), upon which CPLR 3101 (d) (1) (i) is modeled]; *see also*, Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3101:29A, at 46). Accordingly, we shall modify the Court of Claims order by directing claimants to serve a further notice within 30 days of the date of this decision correcting the identified deficiencies in their present notice.

Mikoll, J. P., Mercure, Casey and Spain, JJ., concur. Ordered that the order is modified, on the law and the facts, without costs, by reversing so much thereof as denied the State's motion regarding claimants' expert testimony; motion granted to the extent of precluding the testimony of expert witnesses Peter Kansas, Igal Zuravicky and Richard McCaffrey and directing claimants to serve a further expert witness notice within 30 days of the date of this Court's decision; and, as so modified, affirmed.