■ ALAN J. BENJAMIN et al., Appellants, v JAYESH V. DESAI et al., Respondents. [643 NYS2d 717] —Crew III, J.

This personal injury action arises out of a motor vehicle accident that occurred on August 27, 1993 in the City of Binghamton, Broome County, during the course of which plaintiff Alan J. Benjamin allegedly sustained certain injuries to, among other things, his back and neck. Shortly thereafter, Benjamin and his spouse, derivatively, commenced this action against defendant Jayesh V. Desai, the owner of the vehicle involved in the accident, and defendant Sushma J. Desai, the operator of said vehicle, and the matter proceeded to trial in February 1995.

On the morning of the trial, defendants sought to preclude plaintiffs from eliciting any medical testimony with respect to Benjamin's herniated disc on the ground that this injury was not specified in plaintiffs' bill of particulars, and plaintiffs cross-

moved for leave to amend their bill of particulars in this regard. Supreme Court granted defendants' motion and denied plaintiffs' cross motion, and the trial proceeded as scheduled. Thereafter, at the close of plaintiffs' case and at the close of evidence, defendants moved to dismiss the complaint based upon plaintiffs' failure to establish a causal connection between Benjamin's injuries and the accident, and Supreme Court reserved decision.

The following day, plaintiffs moved by order to show cause for reconsideration of Supreme Court's prior ruling with respect to amending their bill of particulars and for leave to reopen the proof for the purpose of establishing a causal connection between Benjamin's injuries and the accident. Supreme Court denied this application and, by order entered February 27, 1995, granted defendants' motion to dismiss. Plaintiffs' subsequent motion for reargument was denied by order entered July 28, 1995, and these appeals by plaintiffs followed.

Preliminarily, as an appeal does not lie from the denial of a motion to reargue (*see, Spa Realty Assocs. v Springs Assocs.*, 213 AD2d 781, 783; *Stancage v Stancage*, 173 AD2d 1081, *lv denied* 78 NY2d 1062), plaintiffs' appeal from Supreme Court's July 28, 1995 order must be dismissed. Turning to the propriety of Supreme Court's trial rulings, we acknowledge that the decision whether to grant leave to amend a bill of particulars is a matter committed to the sound discretion of the trial court and that the trial court's determination in this regard should not be lightly cast aside (*see, Thompson v Connor*, 178 AD2d 752, 753, *lv dismissed* 80 NY2d 826). Additionally, it is well settled that where, as here, leave to amend is sought on the eve of trial, the exercise of such judicial discretion should be " 'discreet, circumspect, prudent and cautious' " (*Smith v Sarkisian*, 63 AD2d 780, 781, *affd on mem below* 47 NY2d 878, quoting *Symphonic Elec. Corp. v Audio Devices*, 24 AD2d 746). It is equally well settled, however, that leave to amend "shall be given freely unless the party opposing the motion can demonstrate prejudice or surprise from [the] delay" (*Volpe v Good Samaritan Hosp.*, 213 AD2d 398), and this rule applies with equal force when the proposed amendment is sought at the time of trial (*see, Brewster v Baltimore & Ohio R. R. Co.*, 185 AD2d 653).

Defendants did not establish at trial, nor do they argue convincingly on appeal, that they would suffer any prejudice if plaintiffs were permitted to amend their bill of particulars to include reference to Benjamin's herniated disc, and our review of the record indicates that defendants indeed would be hard

pressed to make any credible claim in this regard. The record contains numerous reports and findings making reference to Benjamin's herniated disc, including an August 1994 report prepared by Farouq Al-Khalidi, a physician retained by defendants to examine Benjamin, wherein Al-Khalidi states that "[i]f you want me to review the MRI regarding whether [Benjamin] had bulging of a cervical disc or true disc herniation please forward these studies and I will gladly review them". A follow-up report prepared by Al-Khalidi in September 1994 also makes reference to "degenerative disc disease with a bulging disc at C6-C7". Although Al-Khalidi apparently was of the view that Benjamin's disc herniation was preexisting and, hence, was not caused by the August 1993 accident, it is nevertheless apparent that defendants were well aware of this issue prior to trial (*see, Horvatis v Norfolk-Western R. R.*, 133 AD2d 545). In view of this and other proof in the record, and absent an extended delay and/or any proof of prejudice (*compare, Volpe v Good Samaritan Hosp., supra; Simpson v Browning-Ferris Indus. Chem. Servs.*, 146 AD2d 769), we have little choice but to conclude that Supreme Court abused its discretion in denying plaintiffs' motion for leave to amend their bill of particulars.

We are constrained to reach a similar conclusion with respect to Supreme Court's denial of plaintiffs' motion to reopen the proof. " 'Notwithstanding the general rule that a party holding the affirmative is bound to introduce all the evidence on his [or her] side before he [or she] closes, the trial court in the exercise of its discretion and for sufficient reason may allow a departure from the rule and permit a party to reopen and supply defects in the evidence which have inadvertently occurred' " (*Kennedy v Peninsula Hosp. Ctr.*, 135 AD2d 788, 791, quoting *Seguin v Berg*, 260 App Div 284, 286; *see, Lagana v French*, 145 AD2d 541).

Assuming, without deciding, that Supreme Court correctly concluded that plaintiffs' proof on their direct case was insufficient to establish a causal connection between the accident in question and Benjamin's injuries, the record reveals that plaintiffs' error in this regard was indeed inadvertent. Additionally, plaintiffs promptly moved to reopen (*compare, Shapiro v Shapiro*, 151 AD2d 559, 560 [motion to reopen made five months after close of all evidence and $3^1/2$ months after the trial court issued its decision]) and made an appropriate offer of proof by identifying the prospective witness and articulating the substance of his testimony (*compare, Petroleum Serv. Co. v Steel City Painting Co.*, 115 AD2d 872, 873-874 [counsel for

moving party did not identify expert or indicate when he would be available to testify]). Finally, defendants again have failed to articulate any claim of prejudice other than the fact that granting plaintiffs' motion to reopen might prevent them from prevailing, which, of course, is an insufficient basis upon which to deny plaintiffs their day in court (*see, Harding v Noble Taxi Corp.,* 182 AD2d 365, 370; *Lagana v French, supra,* at 542). Accordingly, Supreme Court's February 27, 1995 order must be reversed and the matter remitted for a new trial.

Cardona, P. J., Mikoll, Casey and Yesawich Jr., JJ., concur. Ordered that the order entered February 27, 1995 is reversed, on the law and the facts, without costs, and matter remitted to the Supreme Court for a new trial. Ordered that the appeal from the order entered July 28, 1995 is dismissed, without costs.