■ Sherry Larkin, Appellant, v Miguel A. Diaz, Respondent. [685 NYS2d 300] —Yesawich Jr., J. Appeals (1) from a judgment of the Supreme Court (Cobb, J.), entered November 5, 1997 in Rensselaer County, upon a verdict rendered in favor of defendant, and (2) from an order of said court, entered November 5, 1997 in Rensselaer County, which denied plaintiff's motion to set aside the verdict.

To remedy a chronic sinus condition, plaintiff underwent an operation—performed by defendant, who specializes in ear, nose and throat medicine—referred to as the "Caldwell-Luc" procedure. In the aftermath of the operation, plaintiff experienced persistent numbness in her cheek, prompting commencement of this medical malpractice action. The gravamen of plaintiff's claim is that defendant performed the surgery without first securing plaintiff's informed consent in that defendant failed to advise plaintiff that numbness could be one of the adverse consequences of the Caldwell-Luc procedure.

After jury selection, defendant moved to dismiss the complaint for failure to state a cause of action; plaintiff had failed to allege as a necessary element of informed consent that a reasonable person would have foregone the procedure if he or she had been made aware of the risk involved. Supreme Court granted the motion and then permitted plaintiff to amend the complaint to include this element. In stating how the amendment would read, however, plaintiff attempted to expand the informed consent cause of action to include defendant's failure to advise plaintiff of available alternative procedures. Defendant moved to preclude plaintiff from offering any evidence on this issue because neither plaintiff's complaint nor bill of particulars advanced that theory. The court, though reserving decision on defendant's motion, effectively granted it by instructing plaintiff not to refer to available alternative procedures during the opening statement and made trial rulings prohibiting plaintiff from offering evidence thereof. Following a verdict in defendant's favor, and Supreme Court's denial of plaintiff's subsequent motion to set aside the verdict, plaintiff appeals. At issue is whether Supreme Court erred in precluding evidence of defendant's failure to advise plaintiff of alternative procedures.

It is axiomatic that when a party attempts to introduce evidence at trial which does not conform to the bill of particulars, the appropriate remedy is the preclusion of that evidence (*see generally, Chapman v State of New York*, 227 AD2d 867, 868). Plaintiff, through her complaint and bill of particulars, limited her informed consent cause of action to defendant's failure to advise her of the risks associated with the Caldwell-Luc procedure. As the pleadings are devoid of allegations that defendant failed to advise her of the availability of alternative procedures, Supreme Court properly restricted plaintiff's proof to defendant's failure to warn plaintiff of the risk involved while prohibiting evidence of defendant's failure to advise plaintiff of alternative procedures. Parenthetically, defendant argues quite convincingly that he would have been sorely prejudiced if, at this stage of the trial, plaintiff had been permitted to amend her bill of particulars and thereby inject an entirely new theory into the case (*see, Schwab v Russell*, 231 AD2d 820, 821; *cf., Benjamin v Desai*, 228 AD2d 764, 765).

Mikoll, J. P., Mercure, Crew III and Peters, JJ., concur. Ordered that the judgment and order are affirmed, with costs.