■ VICTOR R. CRUZ, Respondent, et al., Plaintiff, v BRIDGE HARBOR HEIGHTS ASSOCIATES et al., Appellants, et al., Defendant. MANHATTAN SKYLINE MANAGEMENT CORP., Third-Party Plaintiff-Appellant-Respondent, v MICHAEL HOSZOWSKI, Third-Party Defendant-Respondent-Appellant. [710 NYS2d 361] —Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered January 5, 1999, which, after a jury trial, *inter alia*, awarded plaintiff-respondent damages and decreed that defendants Bridge Harbor Heights Associates and Manhattan Skyline Management Corp. have judgment of indemnification against third-party defendant Hoszowski, unanimously modified, on the facts, to the extent of vacating that part of the judgment awarding plaintiff-respondent damages for future pain and suffering and ordering a new trial only on the issue of those damages, and otherwise affirmed, without costs, unless said plaintiff, within 30 days of the date of this order, stipulates to reduce the verdict for future pain and suffering from $2,000,000 to $1,500,000 and with regard to future lost earning from $600,000 to $450,000, and to entry of an amended judgment in accordance therewith.

The verdict for future pain and suffering deviates materially from what is reasonable compensation under the circumstances (CPLR 5501 [c]) and we reduce it accordingly '(*see*, CPLR 5501 [c]; *Cruz v Manhattan & Bronx Surface Tr. Operating Auth.*, 259 AD2d 432). We also find that the judgment, to the extent that it awarded plaintiff $600,000 for future lost earnings, was not supportable on this record.

We see no reason to disturb the finding made in connection

with the pretrial grant of summary judgment dismissing plaintiff's Labor Law § 200 cause of action, which concluded that neither defendant Bridge Harbor Heights Associates nor the managing agent of the premises, defendant Manhattan Skyline, had control over the work performed by plaintiff at the time of his accident. Contrary to third-party defendant's argument, that finding, under the circumstances of this case, was properly deemed by the trial court to be determinative of defendants' claims for indemnification by plaintiff's employer, third-party defendant Hoszowski—the party that indisputably had control over plaintiff's work (*see, Felker v Corning Inc.*, 90 NY2d 219).

Nor did the trial court err in amending the bill of particulars to include additional injuries and treatment documented in plaintiff's workers' compensation file. The record supports the view that third-party defendant's counsel was aware, or in a position to be aware, of the contents of the file. Accordingly, the argument that third-party defendant was prejudiced and/or surprised by the unavailability of the information respecting the injuries and treatment added in the amended bill of particulars is unpersuasive (*see, Adams v Jamaica Hosp.*, 258 AD2d 604). Moreover, third-party defendant examined plaintiff and his experts on the effects of all of his injuries, all of which undisputedly arose from the accident (*cf., Larkin v Diaz*, 257 AD2d 843). We note, in any event, that the additional surgeries necessarily and immediately flowed from the injuries set forth in the original bill of particulars (*see, Grey v United Leasing*, 91 AD2d 932).

We have considered the parties' remaining arguments for affirmative appellate relief and find them unavailing. Concur— Williams, J. P., Tom, Saxe and Friedman, JJ.