■ CHRISTOPHER SHARPE, Appellant, v ALLSTATE INSURANCE COMPANY, Respondent. [788 NYS2d 234]——

Mugglin, J. Appeal from an order of the Supreme Court (Demarest, J.), entered January 22, 2004 in St. Lawrence County, which, inter alia, granted defendant's cross motion for summary judgment dismissing the complaint.

On August 12, 2000, plaintiff suffered an injury to his right knee when he was struck by an automobile driven by defendant's insured. Nine days later, on his application for no-fault benefits, plaintiff correctly reported that he was not employed, had lost no time from work and was not receiving unemployment insurance benefits. Plaintiff did report, however, that he had lost time looking for work. Plaintiff's subsequent claim for lost wages was denied by defendant on December 15, 2000 and, in January 2001, plaintiff sued for the lost-wage claim.

In March 2001, plaintiff took an examination for entry into the State Police. He was notified in June 2001 that he had passed. Because plaintiff's doctor was fearful that plaintiff could not pass the State Police physical exam, plaintiff sought deferment. When that was granted, plaintiff had his knee surgically repaired and, after a period of rehabilitation, passed the physical exam in April 2003 and entered the State Police Academy.

Asserting that his injury delayed his employment in the State Police and his expected earnings as a trooper exceeded the actual salary he earned during the period, plaintiff sought summary judgment for approximately $24,000 on his lost-wage claim. Defendant cross-moved for summary judgment dismissing the claim on the basis that it was too speculative. Supreme Court granted the cross motion and plaintiff appeals.

Plaintiff argues that Insurance Law § 5102 (a) (2) as supplemented by 11 NYCRR 65-3.16 (b) (3) mandates reversal. We disagree and affirm. Insurance Law § 5102 (a) (2) provides that an individual who makes a claim under the no-fault provision be compensated for "[l]oss of earnings from work which the person would have performed had he not been injured" (*Kurcsics v Merchants Mut. Ins. Co.*, 49 NY2d 451, 458 [1980]). Moreover, 11 NYCRR 65-3.16 (b) (3), in interpreting the statute, states that the "[l]oss of earnings from work shall not necessarily be limited to the applicant's level of earnings at the time of the accident, but may also include demonstrated future earnings reasonably projected." However, it is clear that the intent of the Legislature is "to compensate the accident victim for the earnings he or she would have, in fact, realized" at the time of the accident (*Kurcsics v Merchants Mut. Ins. Co., supra* at 457).

It is our view that the language of both the statute and the regulation contemplates a degree of certainty in the calculation of lost wages and they apply to reimburse a claimant for wages actually lost from employment engaged in at the time of the accident and those lost wages from that employment can be increased if the claimant can demonstrate a reasonable projection that his or her future earnings from said employment will increase (*see Herman v Government Empls. Ins. Co.*, 115 Misc 2d 146, 149 [1982]). Here, that degree of certainty is entirely lacking. Plaintiff's entry into the State Police Academy and its deferral as a result of the knee injury could not have been reasonably contemplated by either party at the time of the accident, rendering his claim entirely speculative.

Crew III, J.P., Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs. [*See* 2 Misc 3d 945.]