Stein, J.
Respondent is the biological father of Marializ JJ. (born in 2007) and the stepfather of Jewelisbeth JJ. (born in 2006). In July 2010, petitioner commenced these proceedings alleging that respondent had neglected the children, as evidenced by their hospitalization in March 2010 with serious injuries that appeared to be the result of child abuse. At the fact-finding hearing in May 2011, petitioner introduced into evidence a certificate of disposition from a criminal proceeding against respondent in the City of Troy, Rensselaer County, indicating that respondent had pleaded guilty in October 2010 to assault in the third degree.[1] Petitioner then rested, relying on the doctrine of collateral estoppel to prove neglect. Respondent’s attorney *888 requested time to file a CPLR 4401 motion to dismiss the petitions and Family Court adjourned the matter for respondent to file a written motion and for petitioner and the attorney for the children to file responsive papers. In doing so, the court stated that “[depending on the decision of the [cjourt, we’ll either have a new trial date set to have additional evidence introduced in the fact[-]finding or schedule for disposition.” In opposition to the motion filed thereafter by respondent, petitioner submitted, among other things, a certified copy of the transcript of respondent’s plea allocution in Troy City Court. After reviewing the submissions of the parties and the attorney for the children, Family Court dismissed the petitions, with prejudice, finding that it was required to make its determination based upon the evidence presented at the fact-finding hearing and that such evidence failed to establish the factual allegations set forth in the petitions. Petitioner now appeals and we reverse.
The collateral estoppel effect of a criminal conviction may serve to satisfy a petitioner’s burden of establishing neglect (see generally Family Ct Act § 1046 [b] [i]; Matter of Alexis AA. [John AA.], 91 AD3d 1073, 1073 [2012], lv denied 18 NY3d 809 [2012]) where the identical issue has been resolved in the criminal action (see Matter of Suffolk County Dept. of Social Servs. v James M., 83 NY2d 178, 182-183 [1994]; Matter of Stephiana UU., 66 AD3d 1160, 1162-1163 [2009]; Matter of Doe, 47 AD3d 283, 285 [2007], lv denied 10 NY3d 709 [2008]). However, it is not enough to merely establish the existence of the criminal conviction; the petitioner must prove a factual nexus between the conviction and the allegations made in the neglect petition (see generally Matter of Daphne G., 308 AD2d 132, 134-135 [2003]).
Here, petitioner concedes, as it did in its opposition to respondent’s motion, that the certificate of disposition, alone, was insufficient to establish the requisite factual connection between the criminal conviction and the conduct alleged in the petitions. However, petitioner contends that Family Court abused its discretion in refusing to consider the transcript of respondent’s plea allocution, which unquestionably provides the pertinent facts. The decision whether to allow the introduction of evidence after the close of proof is within the trial court’s discretion (see CPLR 4011; Matter of Julia BB., 42 AD3d 208, 215 [2007], lvs denied 9 NY3d 815 [2007]). When faced with a request to reopen, courts “should consider whether the movant has provided a sufficient offer of proof, whether the opposing party is prejudiced, and whether significant delay in the trial *889 will result if the motion is granted” (Kay Found, v S & F Towing Serv. of Staten Is., Inc., 31 AD3d 499, 501 [2006]; see Benjamin v Desai, 228 AD2d 764, 766-767 [1996]).
In the instant matter, although petitioner did not make a separate motion to reopen the proceedings,[2] it clearly requested in its papers in opposition to respondent’s motion that Family Court receive into evidence a certified transcript of respondent’s plea allocution — a copy of which was annexed to its papers— and consider it in conjunction with the certificate of disposition. Based upon our reading of Family Court’s decision, it appears that the court may have erroneously believed that it lacked discretion to reopen the proceeding in order to consider the transcript. In any event, we are of the view that, under the circumstances here, the denial of such request was an abuse of discretion.
Petitioner made an appropriate offer of proof by articulating the substance of the transcript and linking respondent’s guilty pleas and admissions therein to the allegations in the petitions (see Matter of Idhailia P. [Philip S.P.], 95 AD3d 1333, 1334 [2012]; compare Petroleum Serv. Co. v Steel City Painting Co., 115 AD2d 872, 873-874 [1985]). In addition, there is no indication that Family Court’s consideration of the transcript would have caused any undue delay in the trial, particularly since a copy was provided with petitioner’s responding papers. Further, the fact that granting petitioner’s request may prevent respondent from prevailing in the proceedings does not constitute prejudice (see Benjamin v Desai, 228 AD2d at 767). Given petitioner’s timely request, its offer of proof, the lack of delay in the trial or prejudice to respondent and the serious nature of the allegations in the petitions, we conclude that Family Court should have reopened the proof in order to consider the transcript. Upon our independent review of such proof, we find that respondent neglected the children.
Mercure, J.P., Rose, Lahtinen and McCarthy, JJ., concur. Ordered that the order is reversed, on the law, without costs, petitions granted, and matter remitted to the Family Court of Rensselaer County for further proceedings not inconsistent with this Court’s decision.

. A review of the transcript of respondent’s plea allocation in that proceeding indicates that, although he was initially charged with three counts of assault in the second degree — each of which was reduced to assault in the *888 third degree — respondent actually pleaded guilty to two counts of endangering the welfare of a child.

. Given Family Court’s statements just prior to adjourning the proceedings, petitioner could have reasonably believed that such a motion was not necessary.