[991 NYS2d 697]

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MICHAEL EDELMAN, Respondent.

County Court, Monroe County, February 21, 2014

### APPEARANCES OF COUNSEL

*Sandra J. Doorley, District Attorney*, Rochester (*Erin Tubbs* of counsel), for appellant.

*The Schiano Law Firm*, Rochester (*Christopher Schiano* of counsel), for respondent.

### OPINION OF THE COURT

JOHN L. DEMARCO, J.

The People appeal from an order of the Irondequoit Town Court (Russi, J.), dated October 22, 2012, which, after conducting a suppression hearing, dismissed the accusatory instruments charging defendant with driving while intoxicated (DWI)

(Vehicle and Traffic Law § 1192 [2], [3]) and no signal (Vehicle and Traffic Law § 1163).

On March 18, 2012, at approximately 1:15 a.m., defendant was arrested for DWI (2 counts) and no signal by New York State Trooper David Bast. Defendant moved to suppress all evidence as the fruits of an unlawful stop. The court conducted a probable cause/*Huntley* hearing on August 20, 2012.

At the suppression hearing, Bast testified that on March 18, 2012, he was in a marked patrol car stopped at a red light on Culver Road at the intersection of Sweet Fern, when he observed defendant's vehicle in the left turn lane on Sweet Fern, preparing to turn northbound on Culver Road. The trooper observed defendant's vehicle turn onto Culver Road "failing to signal its left turn" and traveling "left of the double yellow line." The trooper activated his emergency lights and siren. Defendant's vehicle continued on Culver Road approximately three tenths of one mile before it turned right onto Sea View and stopped. The trooper approached defendant and noted a strong odor of alcohol on defendant's breath and defendant's speech was slurred.

Bast asked defendant to exit his vehicle and perform several field sobriety tests, which he did. Based upon the trooper's training, experience, observations of defendant and defendant's performance on the field sobriety tests, the trooper was of the opinion that defendant was intoxicated and he arrested defendant for DWI.

At the conclusion of the suppression hearing, defense counsel argued that the People did not establish jurisdiction—that is, that this incident occurred in the Town of Irondequoit. Defense counsel stated that he did not "hear any testimony about the Town of Irondequoit." The prosecutor responded by asking the court to take judicial notice of the street, and also asserted that he sufficiently elicited proof from the trooper that "this did occur on a public road in Monroe County, State of New York and that is sufficient." The court reserved decision.

On October 9, 2012, the People moved to reopen the hearing to permit them to elicit testimony solely with regard to jurisdiction. They asked the court to exercise its discretion to reopen the hearing, asserting that any inconvenience to the court and counsel was minimal. Defendant opposed the People's motion to reopen the hearing, asserting that the People had ample opportunity to seek to reopen their case at the time of the hearing, but did not do so, and therefore, should not be given a "second bite of the apple." The court denied the People's

request to reopen the hearing and dismissed the accusatory instruments.

On appeal, the People assert that the suppression court erred in dismissing the accusatory instruments because the People were not required to establish geographical jurisdiction at the probable cause/*Huntley* hearing. Alternatively, they assert that the court abused its discretion in denying their motion to reopen the suppression hearing to establish geographical jurisdiction. Defendant responds that the court properly dismissed the accusatory instruments after the People failed to offer proof establishing that the incident occurred within the jurisdiction of the court and that the court properly denied the People's belated motion to reopen the suppression hearing.

Although Bast testified regarding the stop of defendant's vehicle and the subsequent arrest of defendant, the suppression court made no findings of fact and conclusions of law to enable this court to ascertain the basis for its dismissal of the accusatory instruments based on the evidence presented at the suppression hearing. This court, accordingly, held the matter and remitted it to the Irondequoit Town Court to report its findings of fact, conclusions of law and reasons for its determination, in accordance with the mandates of CPL 710.60 (4) and (6). (*See People v Jones*, 39 AD3d 1169 [4th Dept 2007]; *People v Parker*, 205 AD2d 713 [2d Dept 1994].) On July 22, 2013, the trial court complied with this court's remittal order. This court now, having reviewed the trial court's findings of fact and conclusions of law, affirms the trial court's decision based upon the following.

The trial court, based upon its own personal knowledge, revealed plainly in its findings that although Bast's testimony established that the stop occurred in the County of Monroe, State of New York, the testimony failed to establish that the particular location of the incident—Sweet Fern Road at Culver Road—was in the Town of Irondequoit. The trial court, without explicitly saying as much, essentially took judicial notice, predicated on personal knowledge, that the particular location at issue "is the entrance or exit of Durand Eastman Park, which is not in the Town of Irondequoit[ ]" and, accordingly, dismissed the accusatory instruments "based upon the People's failure to establish affirmatively the jurisdiction of this court."

The People's argument that the trial court abused its discretion by denying their application to reopen the suppression hearing to establish geographical jurisdiction is without merit. The civil case from the Third Department (*Benjamin v Desai*,

228 AD2d 764 [3d Dept 1996]) cited by the People to support their contention is misplaced. *Benjamin* is a civil matter that concerned the trial court's denial of plaintiff's application to reopen the proof at trial. The instant case is, of course, a criminal matter, and one that concerns the trial court judge's denial of the People's application to reopen to establish jurisdiction at a suppression hearing. The trial court, as conceded by the People in their brief, has no affirmative obligation to afford them additional opportunities by way of reopening proof to correct their oversights. Nor, in this court's view, and contrary to the implication of the People's contention on this issue, is the trial court required to turn a blind eye to the facts elicited or omitted at the suppression hearing and refrain from issuing findings of fact and conclusions of law consistent therewith unless prompted by a motion from the defendant. Here, the trial court evidently found, in the exercise of its discretion, insufficient reason to depart from the general rule and permit the People to reopen (*cf.* 228 AD2d at 766). Furthermore, based on the trial court's finding that the incident occurred outside the Town of Irondequoit, reopening the hearing would have been an exercise in futility.

Equally unavailing is the People's argument that they were not required to establish jurisdiction at the suppression hearing. This argument assumes that geographical jurisdiction is not a necessary prerequisite to prosecute criminal charges in a particular venue. "[A] facially sufficient accusatory instrument . . . is a fundamental prerequisite to the exercise of jurisdiction over the defendant by the local criminal court" (*Fitzpatrick v Rosenthal*, 29 AD3d 24, 30 [4th Dept 2006], *lv denied* 6 NY3d 715 [2006]). "[I]f the instrument is not legally sufficient, the court has no authority at all to proceed with the arraignment" (*id.*). Based upon the same principle, a local criminal court may not issue an arrest warrant for a defendant who fails to appear for arraignment upon a legally insufficient accusatory instrument and must dismiss same if "on the basis of the available facts or evidence it would be impossible to draw and file an accusatory instrument that is sufficient on its face" (*see* CPL 120.20 [1] [b]).

Jurisdiction is conferred upon the court with the filing of a legally sufficient accusatory instrument. Beyond cavil, an accusatory instrument, to be legally sufficient, must, among other things, correctly state the location of the offense(s). The accusatory instruments here incorrectly stated the location of the

charges as having occurred in the Town of Irondequoit. Notably, the issue of whether the People are required to affirmatively establish geographical jurisdiction at a suppression hearing where the accusatory instrument(s) is legally sufficient or correctly states the location of the offense(s) is not before this court. The issue here must be narrowly tailored to the implications of the peculiar facts presented which, in light of the above legal framework, support the trial court's decision to dismiss the charges.

Here, the trial court, prior to the suppression hearing, proceeded with the defendant's arraignment based upon the available information in the accusatory instruments. At that time, said information was, presumably, deemed by the trial court sufficient to confer jurisdiction. This court has reviewed the accusatory instruments which include, among other things, that the offenses occurred in the Town of Irondequoit. Based upon the trial court's findings of fact, however, that information was incorrect; the incident occurred outside the Town of Irondequoit. If the trial court judge were armed with this knowledge at arraignment, he would have been without authority to proceed. Furthermore, it would appear impossible to draw a facially sufficient or jurisdictionally accurate accusatory instrument in this case—that is, one which confers jurisdiction on the Irondequoit Town Court—because the offenses occurred outside of the Town of Irondequoit.

To further elaborate by way of example, it may go without saying that if the instant accusatory instruments explicitly alleged that the offenses occurred in another town in Monroe County (that is, other than Irondequoit) or in the City of Rochester, the trial court would have been without authority to conduct defendant's arraignment, and dismissal of the accusatory instruments would have been warranted. In that event, the People, of course, would have the discretion to re-file the charges in the proper venue. But such was not the turn of events here. Rather, the trial court, throughout the pendency of the case, acted on the situs information set forth in the accusatory instruments—that the offenses occurred in the Town of Irondequoit—until the above dispositively different information as to location was elicited at the suppression hearing. In light of the trial judge having ascertained the correct location of the offenses for the first time through the suppression hearing testimony, evidently noting same and factoring it into his conclusions of law, the trial court did not, in this court's assessment, abuse its

discretion in dismissing the charges which, as a matter of law and fact, it never had jurisdiction to hear in the first place.

For the foregoing reasons, the trial court's decision is hereby affirmed in all respects.