*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 12, 2015                    520533
_____

DAVID WEINBERGER,
                              Appellant,

        v
                                              MEMORANDUM AND ORDER

NEW YORK STATE OLYMPIC REGIONAL
    DEVELOPMENT AUTHORITY et al.,
                              Respondents.
_____


Calendar Date:  September 8, 2015

Before:  McCarthy, J.P., Egan Jr., Rose and Clark, JJ.

                        _____


        Hodgson Russ, LLP, Buffalo (Hugh M. Russ III of counsel),
for appellant.

        Eric T. Schneiderman, Attorney General, Albany (Robert M.
Goldfarb of counsel), for respondents.

                        _____


Rose, J.

        Appeal from a judgment of the Court of Claims (Sise, J.),
entered October 3, 2014, upon a decision of the court following a
bifurcated trial in favor of defendants on the issue of
liability.

        Claimant was crossing a ski trail at Whiteface Mountain
when his skis slid on an object that had been covered by a thin
layer of snow in the middle of the trail, causing him to fall and
sustain injuries.  He later described the object as the exposed
surface of a pipe running horizontally across the trail and lying
partially buried in the ground.  Claimant thereafter filed a
claim against defendants, supplemented by a verified bill of
particulars, alleging that the accident had occurred on a trail

called Lower Northway, which was open on the day of the accident, and that he was injured due to defendants' failure to mark the location of the pipe and warn him of its presence on the trail. During his opening statement at trial, however, claimant introduced an allegation, not present in his pleadings, that the accident actually occurred on a trail called Upper Empire, which was closed, and that his injuries were caused by defendants' failure to adequately notify him of the closure. Upon hearing these allegations, defendants made an oral motion to preclude all testimony regarding Upper Empire and whether it was properly closed.

After the close of proof, the Court of Claims partially granted defendants' motion to preclude by disregarding all testimony concerning claimant's belated allegation that defendants failed to warn of the closure of Upper Empire. However, the court denied the remainder of the motion and agreed to consider testimony that Upper Empire was the trail on which claimant had fallen. The court then dismissed the claim and ordered judgment entered in defendants' favor. Claimant now appeals.

Initially, we cannot agree with claimant's contention that the Court of Claims improperly disregarded his evidence that his injury was caused by defendants' failure to adequately warn him that Upper Empire was closed. Claimant never attempted to amend his bill of particulars to include such allegations, despite having ample time to do so. We find no basis in this record to deviate from the general rule that, "when a party attempts to introduce evidence at trial which does not conform to the bill of particulars, the appropriate remedy is the preclusion of that evidence" (Larkin v Diaz, 257 AD2d 843, 844 [1999]; see Acunto v Conklin, 260 AD2d 787, 788-789 [1999]; Chapman v State of New York, 227 AD2d 867, 868 [1996]).

Turning to the merits, in an appeal from a judgment issued after a nonjury trial, we are able to "independently review the weight of the evidence . . . and, while according appropriate deference to the trial judge's credibility assessments and factual findings, grant the judgment warranted by the record" (Nationstar Mtge., LLC v Davidson, 116 AD3d 1294, 1295 [2014], lv

denied 24 NY3d 905 [2014]; see Shattuck v Laing, 124 AD3d 1016, 1017 [2015]). Our review of the record confirms that claimant failed to prove by a preponderance of the admissible evidence that defendants breached a duty to warn him of the alleged presence of a metal pipe located in the Upper Empire trail where he traversed it (see General Obligations Law § 18-103 [4], [13]). While it is true that the Court of Claims found that claimant truly thought he had skied over the exposed surface of a pipe, the court correctly pointed out that, other than claimant's testimony that he slid on a pipe, which he based upon a momentary glance as he felt himself lose his balance, there was nothing else to provide any support for his conclusion that a pipe existed in the location he described. Indeed, the record contains no photographs of the alleged pipe and no testimony from other witnesses who may have observed it, even though other skiers stopped to assist him. Even claimant's injury report – which was prepared at Whiteface Mountain shortly after he was injured and included an account of the incident in the "injured person['s] own words" – made no mention of a pipe.

On the other hand, the Court of Claims found there to be "equally credible testimony" indicating that no exposed pipe matching claimant's description could have been in the location were the incident occurred. Whiteface Mountain employees testified that the only metal pipes running across the trails are corrugated culvert pipes buried at least a foot beneath the mountain's surface. Although one employee testified, in response to a hypothetical question, that it is at least possible that erosion could cause a culvert pipe to become exposed, such speculation does not require a conclusion that any such hazard actually existed. Claimant's assertion in his brief that defendants later discovered the exact pipe that allegedly caused his fall and withheld that evidence until after trial is a misstatement of the record.

In light of the Court of Claims' findings that all parties presented equally credible evidence, as well as our own review of the record, we conclude that the claim was properly dismissed because claimant has failed to meet his burden of proving the existence of the exposed pipe by a preponderance of the evidence (see Rinaldi & Sons v Wells Fargo Alarm Serv., 39 NY2d 191, 196

[1976]; <u>D'Amico v Manufacturers Hanover Trust Co.</u>, 173 AD2d 263, 265 [1991]; <u>see also</u> PJI 1:60).  As there can be no breach of a duty to warn of a hazard when no hazard has been proven to exist, it was unnecessary for the Court of Claims to engage in an analysis of the Safety in Skiing Code (<u>see</u> General Obligations Law art 18) and the common-law doctrine of assumption of risk as alternative bases for its disposition.  To the extent that claimant's remaining contentions have not been rendered academic by our decision, they have been examined and found to be without merit.

McCarthy, J.P., Egan Jr. and Clark, JJ., concur.


ORDERED that the judgment is affirmed, without costs.



ENTER:


Robert D. Mayberger
Clerk of the Court