Ross v Geico Indem. Co. (2019 NY Slip Op 04242)





Ross v Geico Indem. Co.


2019 NY Slip Op 04242


Decided on May 30, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 30, 2019

526464

[*1]PATRICIA ROSS, Appellant,
v
GEICO INDEMNITY COMPANY, Respondent.

Calendar Date: March 28, 2019

Before: Garry, P.J., Egan Jr., Lynch, Clark and Aarons, JJ.


Basch & Keegan, LLP, Kingston (Derek J. Spada of counsel), for appellant.
The Law Office of Brian D. Richardson, Albany (Lela M. Gray of counsel), for respondent.



MEMORANDUM AND ORDER
Egan Jr., J.
Appeal from an order and judgment of the Supreme Court (Fisher, J.), entered September 14, 2017 in Greene County, upon a decision of the court in favor of defendant.
On December 31, 2013, plaintiff was injured when her 2011 Kia Rio, insured by defendant, was involved in an accident. Following the accident, plaintiff notified her employer, Walmart, of her injuries and, after providing documentation thereof, was granted a leave of absence by Walmart's third-party claims administrator, Sedgwick Claims Management Services, Inc [FN1]. She also applied for and was granted short-term disability benefits through Liberty Mutual, Walmart's disability carrier, and successfully applied for no-fault insurance benefits from defendant for reimbursement for lost wages. In October 2014, defendant denied plaintiff any additional no-fault insurance lost wage benefits after receiving notification from Walmart that plaintiff was terminated from employment due to her lack of compliance with Walmart's leave of absence guidelines. Plaintiff thereafter commenced this action against defendant claiming her continued entitlement to no-fault lost wage benefits. Following a nonjury trial, at which plaintiff was the sole witness, Supreme Court determined that defendant had properly denied plaintiff additional no-fault lost wage benefits and dismissed plaintiff's complaint. Plaintiff now appeals.
Plaintiff's sole contention on appeal is that Supreme Court erred when it determined that she was no longer entitled to no-fault lost wage benefits based upon her termination from Walmart for reasons unrelated to her injuries. We disagree. When reviewing a nonjury verdict, we "independently review the probative weight of the evidence, together with the reasonable inferences that may be drawn therefrom, and grant the judgment warranted by the record while according due deference to the trial court's factual findings and credibility determinations" [*2](Frontier Ins. Co. v Merritt & McKenzie, Inc., 159 AD3d 1156, 1159 [2018] [internal quotation marks, brackets and citations omitted]; see Weinberger v New York State Olympic Regional Dev. Auth., 133 AD3d 1006, 1007 [2015]). As relevant here, an individual who makes a claim under the No-Fault Law must be compensated for "[l]oss of earnings from work which the person would have performed had he [or she] not been injured" (Insurance Law § 5102 [a] [2]; see Kurcsics v Merchants Mut. Ins. Co., 49 NY2d 451, 458 [1980]; Sharpe v Allstate Ins. Co., 14 AD3d 774, 775 [2005]). In calculating lost wage benefits, 11 NYCRR 65-3.16 (b) (6) provides that "if the applicant, while disabled, is discharged from employment solely because of inability to work due to the injury, benefits for basic economic loss shall continue at the same level while the disability continues."
There is no dispute that plaintiff sustained disabling injuries as result of the accident that prevented her, at least initially, from returning to work at Walmart. Based thereon, she obtained a leave of absence from Sedgwick, short-term disability benefits through Walmart's disability carrier through July 7, 2014 and no-fault lost wage benefits from defendant through September 2014. Plaintiff acknowledges that Sedgwick approved her initial request for a leave of absence and that she thereafter twice communicated her status to Sedgwick by providing copies of doctor's notes excusing her absence from work. However, the last doctor's note that plaintiff provided prior to her termination, dated January 17, 2014, only excused her absence from work until March 1, 2014, and there is unrefuted record evidence that she had been advised of the need to provide updates regarding her status. By separation notice dated May 6, 2014, Walmart notified plaintiff that her employment was to be terminated as of May 23, 2014 based upon her "failure to return from leave [of absence]." Walmart also provided plaintiff an exit interview document, wherein it reiterated the basis for plaintiff's termination and further indicated that plaintiff had failed to file for an extension of her leave of absence after March 26, 2014 and had not otherwise been in contact with Walmart's personnel manager since such time.
This is not an action for wrongful termination, and it was not defendant who terminated plaintiff's employment. To the extent that plaintiff believes that she was wrongfully terminated, she may pursue any legal remedies that she may have against Walmart and/or Sedgwick. Defendant, however, was entitled to rely on the documentation it received from Walmart indicating that plaintiff was terminated from employment for reasons unrelated to her injuries (cf. State Farm Mut. Auto Ins. Cos. v Brooks, 78 AD2d 456, 459 [1981], appeal dismissed 54 NY2d 753 [1981]). Moreover, contrary to plaintiff's assertion, there is nothing in the record demonstrating that her termination from employment and subsequent denial of no-fault insurance benefits was deliberately intended to circumvent defendant's obligation to provide plaintiff with lost wage benefits. Accordingly, giving deference to Supreme Court's factual findings, we find that defendant properly denied plaintiff continuing no-fault lost wage benefits.
Garry, P.J., Lynch, Clark and Aarons, JJ., concur.
ORDERED that the order and judgment is affirmed, with costs.



Footnotes

Footnote 1: Plaintiff initially applied to Walmart for a leave of absence from employment under the Family and Medical Leave Act. However, her request was denied by Sedgwick because she was not eligible for such leave, as she had not met the 12-month length of service requirement.