WEST END FEDERAL SAVINGS & LOAN ASSOCIATION, Appellant, v. JOSEPHINE A. DI BOISE, Respondent.

Third Department, November 21, 1963.

*Wood, Morris, Sanford & Hatt* (*Karl H. Schrade* of counsel), for appellant.

*William J. Schoonmaker* for respondent.

HERLIHY, J. This is an appeal from a judgment and order which denied the motion of the plaintiff for summary judgment and dismissed its complaint.

The facts are not controverted. The plaintiff, on January 2, 1958, erroneously paid overdue taxes on real estate owned by the defendant and her husband. There was no obligation or relationship between the parties and the money was paid without the knowledge of the defendant.

Thereafter the plaintiff started an action against the defendant to recover the amount paid and after various conferences between the respective attorneys and the parties, an agreement was entered into on December 11, 1958 by the defendant executing and delivering to the plaintiff a promissory note for the

amount paid, due one year from date, with interest at 4%. From the affidavit on the motion, it appears that the attorney for the plaintiff agreed that the note be given to satisfy the bank examiners and that contrary to the face of the note, no interest would be charged and the principal amount would not be payable until the defendant sold her home.

In July, 1961, albeit defendant had not sold her home, the plaintiff, after demand, instituted suit to recover the face amount of the note. The defendant answered alleging that there was no consideration for the note and that the action was premature since the house had not been sold.

The County Court found that the sale of the home of the defendant was a condition precedent to a recovery on the note and accordingly denied summary judgment and dismissed the complaint.

The issue on this appeal is whether the note was given for a valid consideration and, if so, whether there is a condition precedent to payment which prevents recovery in the present action.

We think that the defenses interposed are of no avail. The note on its face is valid and any oral agreements with the attorney for the plaintiff cannot be availed of to vary the unconditional promise appearing on the face of the note. This is particularly true when a financial institution is the payee. In *Mount Vernon Trust Co.* v. *Bergoff* (272 N. Y. 192) a case factually analogous with the present, except the amount involved was substantially more, the court said (p. 196): " Public policy requires that a person who, for the accommodation of the bank executes an instrument which is in form a binding obligation, should be estopped from thereafter asserting that simultaneously the parties agreed that the instrument should not be enforced." (See, also, *Bay Parkway Nat. Bank* v. *Shalom,* 270 N. Y. 172; *Mount Vernon Trust Co.* v. *Oakwood Gardens,* 254 App. Div. 686.)

More recently in *Manufacturers Trust Co.* v. *Palmer* (13 A D 2d 772) where orders for summary judgment were granted, the court stated: " The alleged oral agreement varying the unconditional obligations of the notes in suit cannot be availed of as a defense. (*Ford* v. *Hahn,* 269 App. Div. 436.) The allegations of the defendants fail to sustain the defense of fraud. Moreover, public policy requires that a person executing an instrument constituting an obligation to a bank be estopped from enforcing an oral agreement not to enforce it according to its terms. (*Mount Vernon Trust Co.* v. *Bergoff,* 272 N. Y. 192.) "

The judgment and order should be reversed on the law and summary judgment granted to the plaintiff, without costs.

BERGAN, P. J., GIBSON, REYNOLDS and TAYLOR, JJ., concur.

Judgment and order reversed on the law and summary judgment granted to the plaintiff, without costs.