■ BOWNE & Co., INC., Respondent, v JOHN I. SCILEPPI, Appellant. — Judgment of the Supreme Court, New York County (Morris Goldman, J.), entered June 25, 1982, which granted judgment in favor of the plaintiff in the amount of $322,375.24, plus interest at the rate of 9% from January 4, 1982, is unanimously modified, on the law and the facts, by striking from the fifth line of the second decretal paragraph thereof the words "from January 4, 1982" and substituting in place thereof, the words "from January 21, 1982", and, as modified, is otherwise affirmed, without costs. Appeal from the order of Supreme Court, New York County (Morris Goldman, J.), entered June 18, 1982, granting summary judgment in lieu of a complaint, dismissed, without costs, as subsumed by the judgment of June 25, 1982. In this action for an accelerated judgment pursuant to CPLR 3213 on six promissory notes executed by the defendant in favor of the plaintiff, totaling in all, $322,375.24, defendant contends on this appeal that Special Term erred in granting plaintiff's motion for summary judgment in lieu of a complaint, and denying defendant's cross motion to have his affidavit in opposition deemed an answer and counterclaim against the plaintiff and severing those allegations of the affidavit contained in paragraphs 23 through 31, denominated counterclaim. Defendant neither challenges the validity of these notes, nor their due execution. Nor does he assert that the funds represented thereby were not actually received by him and in fact are owed to the plaintiff. Thus his argument that there was a "failure of consideration" sufficient to defeat enforcement of those notes fails. Viewed in its most favorable light, that defense apparently consists of no more than the assertion of an alleged oral agreement with the plaintiff's president that payment of the notes would not be demanded until plaintiff no longer retained two homes, one purchased in New Canaan, Connecticut, when he moved at plaintiff's behest to assume certain executive responsibilities in New York and the home he retained in Boston, and until the costs incurred in connection with this multiple ownership were simultaneously repaid to him. Proof of this oral agreement, perforce, would have to be made through parol evidence that would tend to vary the plain and unambiguous terms of the notes. Such evidence would be inadmissible under well-known principles of law. (See 22 NY Jur, Evidence, § 633; *Leumi Fin. Corp. v Richter,* 17 NY2d

166; *West End Fed. Sav. & Loan Assn. v Di Boise,* 19 AD2d 476; *Chase Manhattan Bank v Kahn,* 66 AD2d 704.) Since the defendant has not set forth a cognizable defense to the payment of the notes in question, nor has he raised a triable issue of fact in respect thereto, summary judgment was properly granted to the plaintiff. At Special Term plaintiff sought interest on the indebtedness from the date upon which the defendant left plaintiff's employment, January 4, 1982. One of the notes stated that it was due on demand, while the others contained no due date. Apparently believing that the date defendant left the job was the date of the plaintiff's demand for repayment of the notes, Special Term fixed January 4, 1982, as the date from which interest would be computed pursuant to CPLR 5001 (subd [a]). The record reveals however that plaintiff's demand for the repayment of the loans was actually made by a letter dated January 21, 1982. The notes were not repaid pursuant to that demand. Thus, that date becomes the "earliest ascertainable date [of] the cause of action", and is the date from which interest should be computed. (CPLR 5001, subd [b].) Accordingly, we modify the judgment below to reflect the correct date from which interest is to be computed and otherwise affirm. Concur — Kupferman, J. P., Sandler, Sullivan, Bloom and Alexander, JJ.