■ PAUL M. LAGANA, Appellant, v PADRAIC FRENCH et al., Respondents.—In an action to recover damages for personal injuries, plaintiff appeals from a judgment of the Supreme Court, Rockland County (Kelly, J.), dated June 30, 1987, which, upon the defendants' motion for judgment as a matter of law made at the conclusion of the plaintiff's case, dismissed his complaint for failure to make out a prima facie case.

Ordered that the judgment is reversed, on the law, the motion is denied, and a new trial is granted, with costs to abide the event.

After the close of the plaintiff's case, the defendants moved to dismiss the complaint on the ground that the plaintiff failed to make out a prima facie case. The plaintiff cross-moved to reopen his case in order to introduce testimony from the defendant Padraic French's examination before trial which would cure the deficiency in his case. The Trial Judge denied the plaintiff's motion, concluding that the defendants would be prejudiced if plaintiff was afforded the opportunity to reopen. We disagree.

A Trial Judge has the right to permit the introduction of evidence after the close of the offerer's case or to prohibit the same *(see, Feldsberg v Nitschke,* 49 NY2d 636, 643, *rearg*

*denied* 50 NY2d 1059). Since the plaintiff specified the evidence he would present if permitted to reopen and since only a short adjournment would have been necessary to prepare the curative proof for presentation to the jury, the motion should have been granted absent a showing of prejudice *(see, Kennedy v Peninsula Hosp. Center,* 135 AD2d 788; *Salzman v Alan S. Rosell, D.D.S., P. C.,* 129 AD2d 833, 836). The only claim of prejudice which the defendants assert is that it would be unfair to deprive them of victory. The fact that the defendants will have to adjudicate the action on the merits does not warrant a finding of prejudice sufficient to deprive the plaintiff of his day in court *(see,* CPLR 4011). Bracken, J. P., Rubin, Sullivan and Balletta, JJ., concur.