■ EUGENE FRAZIER, Individually and as Administrator of the Estate of ANNA FRAZIER, Deceased, Appellant, v JAMES CAMPBELL, Respondent. [667 NYS2d 394] —In an action to recover damages for wrongful death, the plaintiff appeals from a judgment of the Supreme Court, Dutchess County (Beisner, J.), dated December 6, 1996, which, upon granting the defendant's motion for judgment as a matter of law made at the conclusion of the plaintiff's case, dismissed the complaint.

Ordered that the judgment is reversed, on the law, the motion is denied, and a new trial is granted, with costs to abide the event.

After the close of the plaintiff's case, the defendant moved for judgment as a matter of law on the ground that the plaintiff failed to make out a prima facie case. The plaintiff cross-moved to reopen his case in order to introduce testimony from the defendant concerning, *inter alia,* the defendant's observations on

the day of the accident and where the victim was standing when the defendant first saw her. The Trial Judge granted the defendant's motion and declined to permit the plaintiff to reopen his case after listening to an offer of proof. We disagree.

It is well settled that trial courts have the power to permit a litigant to reopen his case under appropriate circumstances (*see, Feldsberg v Nitschke,* 49 NY2d 636, 643). Since the plaintiff specified the evidence he would present if permitted to reopen and since there would have been no undue delay for presentation of such proof to the jury, the motion should have been granted absent a showing of prejudice. Here, we find that there was no showing of prejudice by the defendant sufficient to deprive the plaintiff of his day in court and under similar circumstances, this Court has determined that a plaintiff should be permitted to reopen his or her case (*see, Lagana v French,* 145 AD2d 541). Joy, J. P., Krausman, Florio and McGinity, JJ., concur.