■ CORNELL K. MORGAN et al., Respondents, v JANICE L. PASCAL, Appellant. [712 NYS2d 48] —In an action, *inter alia,* to recover damages for trespass, the defendant appeals from a judgment of the Supreme Court, Queens County (Lisa, J.), dated April 16, 1999, which, upon a jury verdict, *inter alia,* is in favor of the plaintiffs and against her, awarding exclusive possession of the real property to the plaintiffs.

Ordered that the judgment is reversed, on the law and as a matter of discretion, and the matter is remitted to the Supreme Court, Queens County, for a new trial, with costs to abide the event.

The plaintiff commenced this action, *inter alia,* to recover damages for trespass. The defendant claimed in her affirmative defenses, *inter alia,* that she owned the disputed parcel of property by virtue of adverse possession. At trial, the court denied defense counsel's application to call two witnesses in rebuttal because they had not been disclosed to the plaintiffs prior to trial. After both sides had rested, the defendant sought permission to re-open her case to present newly-discovered photographic evidence as well as a witness to authenticate the photographs. The defendant argued that the photographs would have substantiated the defendant's claim that she adversely possessed the parcel in question for more than 10 years. The trial court denied the request and thereafter the jury returned a verdict in favor of the plaintiffs. We now reverse.

Under the facts of this case, and given that the defendant's failure to specifically identify the rebuttal witnesses was neither willful nor contumacious, the trial court improvidently exercised its discretion in refusing to allow the rebuttal witnesses to testify (*see, Burton v New York City Hous. Auth.,* 191 AD2d 669, 671). Moreover, it is well settled that trial courts have the power to permit a litigant to reopen a case under appropriate circumstances (*see, Feldsberg v Nitschke,* 49 NY2d 636; *Frazier v Campbell,* 246 AD2d 509). Here, the photographic evidence was essential to the defendant's claim of adverse possession (*see, Halley v Winnicki,* 255 AD2d 489), and there was no showing of prejudice by the plaintiff sufficient to deny the defendant's application to introduce such evidence (*see, Lagana v French,* 145 AD2d 541). Accordingly, a new trial is warranted. Santucci, J. P., S. Miller, Friedmann and Krausman, JJ., concur.

Thompson, J., dissents and votes to affirm, with the follow-

ing memorandum: I would affirm. Under the circumstances of this case, the trial court's denials of the defendant's belated applications were not improvident exercises of discretion. This action had been pending for more than five years at the time of trial, and the prejudice to the plaintiffs was manifest.