■ MATTHEW ROMITO, Respondent, v JOSEPH PANZARINO, JR., et al., Appellants. [782 NYS2d 759]—In an action to recover on a loan, the defendants, Joseph Panzarino, Jr., and Sharon Panzarino, appeal from a judgment of the Supreme Court, Westchester County (Rudolph, J.), dated January 15, 2003, which, upon a jury verdict, and upon the denial of their motion pursuant to CPLR 4404 (a) to set aside the verdict as against the weight of the evidence, is in favor of the plaintiff and against the defendant Sharon Panzarino in the principal sum of $50,000.

Ordered that the appeal by the defendant Joseph Panzarino, Jr., is dismissed, as that defendant is not aggrieved by the judgment appealed from (see CPLR 5511); and it is further,

Ordered that the judgment is affirmed insofar as appealed from by the defendant Sharon Panzarino; and it is further,

Ordered that one bill of costs is awarded to the respondent.

CPLR 4404 (a) provides that a jury verdict should be set aside as against the weight of the evidence only where it could not have been reached upon a fair interpretation of the evidence (see Nicastro v Park, 113 AD2d 129 [1985]). The plaintiff presented evidence that the defendants' decedent purchased an additional 20% interest in a family lumber business using a $50,000 loan from the plaintiff which was made in the form of two checks in the sums of $15,000 and $35,000. The jury, which was in the best position to assess the credibility of the witnesses, based its verdict upon a fair interpretation of the evidence presented (see Pedroza v City of New York, 289 AD2d 315 [2001]; Teneriello v Travelers Cos., 264 AD2d 772 [1999]).

Further, the Supreme Court properly calculated interest from the date of the plaintiff's demand as established by the testimony at trial (see CPLR 5001; Mattes v Rubinberg, 220 AD2d 391, 394 [1995]; Bowne & Co. v Scileppi, 99 AD2d 440 [1984]; Paully v Harrison, 35 AD2d 543 [1970]).

Sharon Panzarino's remaining contentions are without merit. H. Miller, J.P., S. Miller, Cozier and Spolzino, JJ., concur.