■ DAVID E. NEFF et al., Respondents, v MARK BRASSIE, Respondent and Third-Party Plaintiff-Respondent. PHELPS CEMENT PRODUCTS, INC., Third-Party Defendant-Appellant, et al., Third-Party Defendant. [805 NYS2d 914]—

Appeal from an order of the Supreme Court, Steuben County (Marianne Furfure, A.J.), entered April 12, 2005 in a breach of contract action. The order granted the motion of defendant and third-party plaintiff to reopen the proof at a nonjury trial with respect to the cost of materials purchased by him from third-party defendant Phelps Cement Products, Inc.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: We reject the contention of third-party defendant Phelps Cement Products, Inc. (Phelps) that Supreme Court erred in granting the motion of defendant-third-party plaintiff, Mark Brassie, to reopen the proof at trial in this breach of contract action. Contrary to the contention of Phelps, Brassie was not required to comply with CPLR 5015 inasmuch as no judgment or order had been rendered at the time of the motion. With respect to the merits of the motion, we conclude that the court did not abuse its discretion in allowing the introduction of evidence after the close of proof (*see generally Feldsberg v Nitschke*, 49 NY2d 636, 643 [1980], *rearg denied* 50 NY2d 1059 [1980]; *Orlando v Rubersi Sales*, 255 AD2d 802, 804 [1998]), particularly in view of the fact that Phelps failed to establish that it was prejudiced by Brassie's delay in introducing the evidence at issue (*see Frazier v Campbell*, 246 AD2d 509, 510 [1998]; *Benjamin v Desai*, 228 AD2d 764, 767 [1996]; *Lagana v French*, 145 AD2d 541 [1988]). Present—Pigott, Jr., P.J., Martoche, Smith, Pine and Hayes, JJ.