KAY FOUNDATION, Appellant, v S & F TOWING SERVICE OF STATEN ISLAND, INC., Respondents, et al., Defendants. [819 NYS2d 765]—

In a mortgage foreclosure action, the plaintiff appeals (1) from so much of an order of the Supreme Court, Richmond County (Maltese, J.), dated July 22, 2005, as, after a nonjury trial, in effect, upon reargument, adhered to a prior determination in an order of the same court dated July 2, 2004, granting the motion of the defendants S & F Towing Service of Staten Island, Inc., Salvatore A. Ucelli, and Sherry Ucelli pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint insofar as asserted against them, made at the close of

the plaintiff's case, and denying its cross motion to reopen the nonjury trial for the presentation of additional evidence, (2) by permission, from so much of an order of the same court dated July 27, 2005, as, sua sponte, directed the discharge of the mortgage with respect to the parcel of real property identified as Block 197, Lot 3 and cancellation of the notice of pendency, and (3) from so much of a judgment of the same court dated October 3, 2005, as, upon the orders, dismissed the complaint insofar as asserted against the defendants S & F Towing Service of Staten Island, Inc., Salvatore A. Ucelli, and Sherry Ucelli, discharged the mortgage with respect to the parcel of real property identified as Block 197, Lot 3, and cancelled the notice of pendency.

Ordered that the appeals from the orders are dismissed; and it is further,

Ordered that the judgment is reversed insofar as appealed from, on the law and in the exercise of discretion, the order dated July 27, 2005 is modified accordingly, upon reargument, the motion is denied, the cross motion is granted, and the order dated July 2, 2004 is vacated, the complaint is reinstated, and the matter is remitted to the Supreme Court, Richmond County, for further proceedings with respect to the notice of pendency and mortgage and a new trial, with costs to abide the event.

The appeals from the intermediate orders must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]).

On December 21, 1992 the defendant S & F Towing Service of Staten Island, Inc. (hereinafter S & F Towing), executed a promissory note in favor of Northfield Savings Bank, FSB (hereinafter Northfield), in the sum of $275,000 with interest at the rate of 8.75% per year. At the same time, S & F Towing executed a mortgage to secure payment of the loan. The mortgage covered five parcels of real property located in Staten Island and was recorded in the office of the County Clerk, Richmond County, on March 2, 1993. The note and mortgage were signed by the defendant Salvatore A. Ucelli in his capacity as president of S & F Towing.

By assignment dated September 30, 1999, Northfield assigned the note and mortgage to the US Small Business Administration. On January 18, 2001 the US Small Business Administration assigned the note and mortgage to WAMCO XXVIII, Ltd. (hereinafter WAMCO). After WAMCO commenced the instant mortgage foreclosure action, it purportedly assigned the note and mortgage to the plaintiff Kay Foundation on July 26, 2001.

At a nonjury trial, the plaintiff was not permitted to enter into evidence a copy of a document purporting to be the assignment from WAMCO, on the ground, inter alia, that it was not the best evidence. After the plaintiff rested and while the motion of the defendants S & F Towing, Salvatore A. Ucelli, and Sherry Ucelli (hereinafter collectively the defendants) pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint insofar as asserted against them, made at the close of the plaintiff's case, was sub judice, the plaintiff sought permission to reopen its case to satisfy the deficiencies in the best evidence and proofs that were omitted during trial. Specifically, the plaintiff sought leave to submit, among other things, the original, recorded assignment from its predecessor-in-interest, WAMCO.

The Supreme Court improvidently exercised its discretion in denying leave to reopen the nonjury trial. A trial court, in the exercise of discretion and for sufficient reasons, may allow a party to reopen and supply defects in evidence that have inadvertently occurred (*see Matter of Dutchess County Dept. of Social Servs. v Shirley U.,* 266 AD2d 459 [1999]; *see also Feldsberg v Nitschke,* 49 NY2d 636, 643-644 [1980]). While it is true that a trial court's discretion to reopen a case after a party has rested should be sparingly exercised (*see King v Burkowski,* 155 AD2d 285 [1989]), here, it appears that the court would have been better advised to reopen the case to permit the submission of what it considered to be crucial evidence (*see Felice v Gershkon,* 34 AD2d 1008 [1970]; *see also Lindenman v Kreitzer,* 7 AD3d 30, 33 [2004]).

When a motion to reopen is made, the trial court should consider whether the movant has provided a sufficient offer of proof, whether the opposing party is prejudiced, and whether significant delay in the trial will result if the motion is granted (*see Frazier v Campbell,* 246 AD2d 509, 510 [1998]; *Veal v New York City Tr. Auth.,* 148 AD2d 443, 444 [1989]). Here, the plaintiff specified the evidence it would present if permitted to reopen and there would have been no undue delay for the presentation of such proof (*see Kennedy v Peninsula Hosp. Ctr.,* 135 AD2d 788, 790-791 [1987]). Moreover, there was no evidence that the defendants would be prejudiced. "The fact that the defendants will have to adjudicate the action on the merits does not warrant a finding of prejudice sufficient to deprive the plaintiff of his day in court" (*Lagana v French,* 145 AD2d 541, 542 [1988]; *see Morgan v Pascal,* 274 AD2d 561 [2000]).

Further, during a nonjury trial of the defendants' counterclaim to recover damages based on the alleged failure of the plaintiff's predecessor-in-title to pay real estate taxes, the

Supreme Court improvidently exercised its discretion in, sua sponte, discharging the mortgage on the parcel of real property identified as Block 197, Lot 3, and cancelling the notice of pendency absent a motion for such relief. The court exceeded the scope of the nonjury trial on the defendants' counterclaim and deprived the plaintiff of notice that it would reach such issues (*see Marini v Lombardo,* 17 AD3d 545, 546 [2005]; *Skyline Enters. of N.Y. Corp. v Amuram Realty Co.,* 288 AD2d 292 [2001]; *Matter of We're Assoc. Co. v Scaduto,* 206 AD2d 245 [1994]; *Sena v Nationwide Mut. Fire Ins. Co.,* 198 AD2d 345, 346 [1993]). Schmidt, J.P., Santucci, Luciano and Rivera, JJ., concur.