■ ATLAS REFRIGERATION-AIR CONDITIONING, INC., Respondent, v SALVATORE LO PINTO, JR., Appellant. [821 NYS2d 900]—

In an action to foreclose a mechanic's lien, to recover damages for breach of contract, and to recover in quantum meruit for services rendered, the defendant appeals from a judgment of the Supreme Court, Kings County (Jacobson, J.), dated November 4, 2004, which, after a nonjury trial, is in favor of the plaintiff and against him in the principal sum of $120,000, with interest from June 30, 1997, in the sum of $75,150, plus costs and disbursements in the sum of $1,280, for the total sum of $196,430.

Ordered that the judgment is modified, on the law and in the exercise of discretion, by deleting from the first decretal paragraph thereof the words "with interest from June 30, 1997, in the amount of $75,150.00" and "making a total of $196,430.00," and substituting therefor the words "with interest from October 15, 1999," as so modified, the judgment is affirmed, with costs to the respondent, and the matter is remitted

to the Supreme Court, Kings County, for the recalculation of prejudgment interest in accordance herewith and for the entry of an appropriate amended judgment accordingly.

In order to establish a claim in quantum meruit, a claimant must establish (1) the performance of the services in good faith, (2) the acceptance of the services by the person to whom they were rendered, (3) an expectation of compensation therefor, and (4) the reasonable value of the services (*see Ross v DeLorenzo*, 28 AD3d 631 [2006]; *Tesser v Allboro Equip. Co.*, 302 AD2d 589, 590 [2003]; *Matter of Alu*, 302 AD2d 520 [2003]; *Geraldi v Melamid*, 212 AD2d 575, 576 [1995]; *Moors v Hall*, 143 AD2d 336, 337-338 [1988]; *Umscheid v Simnacher*, 106 AD2d 380, 382-383 [1984]). Here, the plaintiff adduced evidence at trial to establish all four elements.

The Supreme Court providently exercised its discretion in granting the plaintiff's application, made after it rested, to reopen its prima facie case to present specific evidence (*see* CPLR 4011; *Morgan v Pascal*, 274 AD2d 561 [2000]; *Lagana v French*, 145 AD2d 541, 542 [1988]).

The Supreme Court further properly dismissed the defendant's counterclaim alleging willful exaggeration of a mechanic's lien. The mechanic's lien in this case was declared null and void by the Supreme Court because it had not been timely filed pursuant to Lien Law § 10. "The Legislature intended the remedy in Lien Law § 39-a to be available only where the lien was valid in all other respects and was declared void by reason of willful exaggeration after a trial of the foreclosure action" (*Guzman v Estate of Fluker*, 226 AD2d 676, 678 [1996]).

However, the Supreme Court should have awarded prejudgment interest from October 15, 1999, the date of the plaintiff's demand for payment, which was "the earliest ascertainable date the cause of action existed" (CPLR 5001 [b]; *see Romito v Panzarino*, 11 AD3d 444 [2004]; *Bowne & Co. v Scileppi*, 99 AD2d 440, 441 [1984]). Schmidt, J.P., Santucci, Skelos and Covello, JJ., concur.