■ JAMES BENNETT, Respondent, v ERNST HENRY, Appellant, et al., Defendant. [833 NYS2d 619]—

In an action, inter alia, to recover damages for wrongful death, the defendant Ernst Henry appeals (1) from an order of the Supreme Court, Kings County (Jacobson, J.), dated January 6, 2006, which denied his motion, inter alia, pursuant to CPLR 4404 (a) to set aside so much of the jury verdict as awarded damages in the sums of $400,000 for conscious pain and suffering, $133,000 for past and future pecuniary loss suffered by the grandson of the plaintiff's decedent, and $43,000 for past and future pecuniary loss suffered by the daughter of the plaintiff's decedent, and to dismiss those claims or, in the alternative, to set aside those portions of the jury verdict on the grounds that they were against the weight of the evidence or excessive and for a new trial on those issues, and (2) from a judgment of the same court dated February 9, 2006, which, upon the order, and upon the jury verdict finding him 75% at fault and the plaintiff's decedent 25% at fault in the happening of the accident and awarding damages, is against him in the total sum of $539,247.86.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and are considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

On December 23, 1999 Amanda Washington, also known as Amanda Bennett (hereinafter the decedent), was struck and killed by a vehicle owned and operated by the defendant Ernst Henry (hereinafter the defendant), while she was attempting to cross the street. The plaintiff, the administrator of the decedent's estate, commenced this action to recover damages for the decedent's conscious pain and suffering and wrongful death.

Contrary to the defendant's contention, the trial court providently exercised its discretion in allowing the plaintiff to reopen his direct case (*see Atlas Refrigeration-Air Conditioning, Inc. v Lo Pinto,* 33 AD3d 639 [2006]; *Kay Found. v S & F Towing Serv. of Staten Is., Inc.,* 31 AD3d 499, 501 [2006]; *Matter of Dutchess County Dept. of Social Servs. v Shirley U.,* 266 AD2d 459 [1999]).

Moreover, the plaintiff met his burden of establishing through legally sufficient evidence that the decedent had some level of consciousness for a period of time after the accident to justify an award for conscious pain and suffering (*see Gonzalez v New York City Hous. Auth.,* 77 NY2d 663, 670 [1991]; *Fa-Shun Ou v New York City Tr. Auth.,* 309 AD2d 781, 781 [2003]).

The plaintiff also presented legally sufficient evidence to support the award of damages for wrongful death, namely, the pecuniary loss suffered by the decedent's adult daughter Regina Washington and the decedent's 20-year-old grandson, Michael Washington (*see Gonzalez v New York City Hous. Auth., supra*). Moreover, recovery is not barred by a distributee's status as a self-supporting adult (*see Gonzalez v New York City Hous. Auth., supra* at 668; *Olsen v Burns,* 267 AD2d 366, 367 [1999]; *Ramos v La Montana Moving & Stor.,* 247 AD2d 333, 334 [1998]; *Abruzzo v City of New York,* 233 AD2d 278, 279 [1996]). Furthermore, those portions of the verdict awarding damages for conscious pain and suffering and wrongful death were not against the weight of the evidence because the jury's determination was based on a fair interpretation of the evidence (*see Lolik v Big V Supermarkets,* 86 NY2d 744, 746 [1995]).

Finally, the awards of $400,000 for conscious pain and suffering, $133,000 for the past and future pecuniary loss suffered by the decedent's grandson, and $43,000 for the past and future pecuniary loss suffered by the decedent's daughter were not excessive as they did not materially deviate from what would be reasonable compensation (*see* CPLR 5501 [c]; *Weldon v Beal,* 272 AD2d 321, 322 [2000]; *Ramos v La Montana Moving & Stor., supra* at 333; *Glassman v City of New York,* 225 AD2d 658, 660 [1996]). Rivera, J.P., Santucci, Angiolillo and Dickerson, JJ., concur.