■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROLAND RAMOS, Appellant. [876 NYS2d 127]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Wong, J.), rendered December 21, 2006, convicting him of grand larceny in the fourth degree and scheme to defraud in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the People's contention, the defendant preserved for appellate review his contention that the Supreme Court erred in admitting bank records of one of the complainants because the People failed to lay a proper foundation for their admission as business records pursuant to the business records exception to the hearsay rule (*see* CPL 470.05 [2]; *cf. People v Bell*, 286 AD2d 443 [2001]; *People v Antongiorgi*, 242 AD2d 578 [1997]).

However, the contention is without merit. Judicial notice may provide a basis for admitting business records when the records proffered are "so patently trustworthy as to be self-authenticating" (*People v Kennedy*, 68 NY2d 569, 577 n 4 [1986]; *see Elkaim v Elkaim*, 176 AD2d 116, 117 [1991]; *see also* Weinstein-Korn-Miller, NY Civ Prac ¶ 4518.18 [5th ed]). The defendant did not dispute the authenticity or the accuracy of the bank records, and we see no reason to view them as other than reliable and trustworthy (*see Elkaim v Elkaim*, 176 AD2d at 117). Accordingly, the records were properly admitted (*see Manzo v Gross*, 19 AD3d 379 [2005]; *Elkaim v Elkaim*, 176 AD2d at 117).

In view of our determination, we need not reach the defendant's remaining contention. Mastro, J.P., Fisher and Miller, JJ., concur.

Carni, J. (dissenting and voting to reverse the judgment and order a new trial, with the following memorandum): I agree with my colleagues that the defendant preserved for appellate review his contention that the People failed to lay a proper

foundation for the admission of bank records pursuant to the business records exception to the hearsay rule (*see* CPL 470.05 [2]). However, in my view, the People did not lay a proper foundation for the admission of the alleged bank records and I, therefore, dissent.

Here, there is no dispute that the alleged bank records consisted of a document received at the District Attorney's office through a fax machine. The maker, custodian, or transmitter of the documents did not testify. No testimony from any bank employee or representative was offered by the People.

The complaining witness testified that the alleged bank records shown to her were not the bank statements that she received at her home and the document did not look like the bank statements she customarily receives at home. The witness denied any knowledge of the bank's record-keeping practices. She did not know when the document was made and denied any knowledge that it was made or kept by the bank in the ordinary course of business. Moreover, the withdrawal of the funds at issue was alleged to have occurred in June 2005. The document was first received by the witness while she was sitting in the District Attorney's office on November 28, 2006—the night before her testimony. There was no testimony as to when the document or the entries thereupon were made.

While the People may have established that the document was authentic to the extent that it was a document of some kind which was received on the fax machine of the District Attorney's office while the complaining witness was sitting in that office, this testimony by no means established that the document was a bank record "made in the regular course of any business and that it was the regular course of such business to make it, at the time of the act, transaction, occurrence or event, or within a reasonable time thereafter" (CPLR 4518 [a]; *see* CPL 60.10).

Accordingly, I respectfully dissent and would reverse the judgment and order a new trial.