■ JOSEPH FISCHER, Appellant, v RWSP REALTY, LLC, Doing Business as PRUDENTIAL RAND REALTY, et al., Respondents. [880 NYS2d 525]—In an action, inter alia, to recover a real estate broker's commission, the plaintiff appeals from an order of the Supreme Court, Rockland County (Sherwood, J.), dated December 10, 2007, which denied his motion to reopen the trial in order to submit additional evidence.

In an action, inter alia, to recover a real estate broker's commission, the plaintiff appeals from a judgment of the Supreme Court, Rockland County (Sherwood, J.), entered June 12, 2008, which, after a nonjury trial, is in favor of him and against the defendants in the principal sum of only $3,079.80.

Ordered that the judgment is affirmed, with costs.

"A trial court, in the exercise of discretion and for sufficient reasons, may allow a party to reopen" his or her case, and supplement the evidence to cure any defects in the evidence that have inadvertently occurred (Kay Found. v S & F Towing Serv. of Staten Is., Inc., 31 AD3d 499, 501 [2006]). "While it may be appropriate to reopen a case to enable a party to present additional evidence prior to the presentation of the adversary's evidence, an untimely motion to reopen should be denied, especially when such a motion is made after the court rules on the relevant issue, the movant fails to disclose the nature of the omitted evidence and the evidence sought to be introduced is not newly discovered" (Shapiro v Shapiro, 151 AD2d 559, 560-561 [1989] [citations omitted]). Here, the

plaintiff gave no explanation for his failure to offer the subject evidence during the trial, but instead waited until after the trial had been completed. Accordingly, the Supreme Court providently exercised its discretion in denying his motion to reopen the trial.

The Supreme Court properly found that the evidence adduced at trial demonstrated that the plaintiff was not the buyer's agent in the real estate transaction at issue (*see* Real Property Law § 443 [3] [c]) and, therefore, that the plaintiff was entitled only to a referral fee, and not to a commission.

Since the plaintiff's remaining contention is raised for the first time on appeal, we will not consider it (*see Schehr v McEvoy*, 43 AD3d 899, 900 [2007]). Rivera, J.P., Covello, Balkin and Austin, JJ., concur.