■ ROBERT THOMAS, Respondent, v ROGERS AUTO COLLISION, INC., et al., Appellants. [896 NYS2d 73]—

Contrary to the defendants' contention, the trial court providently exercised its discretion in allowing the plaintiff to reopen his case to present a bank statement as proof that he was ready, willing, and able to purchase the subject premises (*see Bennett v Henry*, 39 AD3d 575, 576 [2007]; *Kay Found. v S & F Towing Serv. of Staten Is., Inc.*, 31 AD3d 499, 501 [2006]; *Lagana v French*, 145 AD2d 541, 542 [1988]; *Kennedy v Peninsula Hosp. Ctr.*, 135 AD2d 788, 791 [1987]). "A Trial Judge has the right to permit the introduction of evidence after the close of the offerer's case or to prohibit the same" (*Lagana v French*, 145 AD2d at 541; *see Fischer v RWSP Realty, LLC,* 63 AD3d 878 [2009]; *Kay Found. v S & F Towing Serv. of Staten Is., Inc.,* 31 AD3d at 501; *Kennedy v Peninsula Hosp. Ctr.,* 135 AD2d at 791). Significantly, the plaintiff attempted to present the bank statement when asked for documentary proof of the account on cross-examination, and the defendants' counsel withdrew that request after seeing the bank statement. The defendants then moved, after the close of the plaintiff's case, for judgment as a matter of law, asserting that the plaintiff failed to demonstrate that he was ready, willing, and able to purchase

the subject premises. Thus, the defendants' motion warranted reopening the plaintiff's case to present the bank statement. Additionally, the trial court did not err in allowing the admission of the bank statement into evidence inasmuch as it was a self-authenticating document (*see Elkaim v Elkaim,* 176 AD2d 116 [1991]; *see also People v Ramos,* 60 AD3d 1091 [2009]).

Furthermore, the trial court correctly determined that the plaintiff demonstrated that he was ready, willing and able to purchase the subject premises at the time he sought to exercise the option provision in the parties' lease (*see Corner Assoc. Holdings, LLC v H.V.K. Realty Holding Co.,* 63 AD3d 774 [2009]; *CNR Healthcare Network, Inc. v 86 Lefferts Corp.,* 59 AD3d 486 [2009]).

There is also no merit to the defendants' contention that the trial court improperly granted the plaintiff's request for an adverse inference against the defendants for their failure to produce a copy of the lease between the parties (*see Love v New York City Hous. Auth.,* 251 AD2d 553, 554 [1998]; *cf. Scaglione v Victory Mem. Hosp.,* 205 AD2d 520 [1994]; *Fares v Fox,* 198 AD2d 396, 397 [1993]).

Lastly, the defendants' contention that the option was unenforceable because the price term was not certain is improperly raised for the first time on appeal. Fisher, J.P., Balkin, Hall and Austin, JJ., concur.