(August 22, 2012)

■ MILDRED ANDERSON, Appellant, v ANA M. VASQUEZ, Respondent. [950 NYS2d 143]—

Motion by the plaintiff for leave to reargue an appeal from an order of the Supreme Court, Nassau County, entered February 9, 2011, which was determined by decision and order of this Court dated November 22, 2011.

Upon the papers filed in support of the motion and no papers having been filed in opposition or relation thereto, it is

Ordered that the motion is granted and, upon reargument, the decision and order of this Court dated November 22, 2011 (*Anderson v Vasquez*, 89 AD3d 973 [2011]) is recalled and vacated, and the following decision and order is substituted therefor:

In an action to recover damages for breach of certain loan agreements, the plaintiff appeals from an order of the Supreme Court, Nassau County (Murphy, J.), entered February 9, 2011, which denied her unopposed motion pursuant to CPLR 3215 (f) for leave to enter a judgment in the principal sum of $41,500 with prejudgment interest against the defendant, upon the defendant's default in appearing or answering the complaint.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion for leave to enter a judgment against the defendant is granted to the extent of awarding the plaintiff the principal sum of $41,500 with prejudgment interest at the statutory rate of 9% per annum from February 25, 2010, and the motion is otherwise denied.

In support of her unopposed motion pursuant to CPLR 3215 (f) for leave to enter a judgment in the principal sum of $41,500 with prejudgment interest against the defendant, upon the defendant's default in appearing or answering the complaint, the

plaintiff presented proof that was sufficient to establish that she had a viable cause of action against the defendant (*see Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 71 [2003]). The plaintiff presented, among other things, her affidavit attesting to her claim that she made a series of loans to the defendant, that the defendant promised to repay the loans, that the defendant failed to do so, and proof of the amount due on the loans (*see Golding v Gottesman*, 41 AD3d 430 [2007]; *Langenbach v Renna*, 255 AD2d 366 [1998]; *Wallach v Dryfoos*, 140 App Div 438, 440 [1910]). Furthermore, the plaintiff submitted a process server's affidavit attesting to service of the summons and complaint on the defendant, and her attorney's affidavit regarding the defendant's default in appearing or answering the complaint (*see* CPLR 3215 [f]). The plaintiff also presented proof that she made a demand for payment of the loans on February 25, 2010. Thus, the plaintiff is entitled to prejudgment interest at the statutory rate from that date, not, as the plaintiff contends, from December 1, 2004 (*see* CPLR 5001 [a], [b]; 5004; *Yellow Book of N.Y., L.P. v Cataldo*, 81 AD3d 638, 641 [2011]; *Atlas Refrigeration-Air Conditioning, Inc. v Lo Pinto*, 33 AD3d 639, 640 [2006]; *Romito v Panzarino*, 11 AD3d 444 [2004]; *Bowne & Co. v Scileppi*, 99 AD2d 440, 441 [1984]; *Paully v Harrison*, 35 AD2d 543 [1970]). Accordingly, the plaintiff's unopposed motion for leave to enter a default judgment in the principal sum of $41,500 with prejudgment interest against the defendant should have been granted to the extent of awarding the plaintiff the principal sum of $41,500 with prejudgment interest at the statutory rate of 9% per annum from February 25, 2010 (*see Hermitage Ins. Co. v Trance Nite Club, Inc.*, 40 AD3d 1032 [2007]; *Zino v Joab Taxi, Inc.*, 20 AD3d 521 [2005]). Mastro, A.P.J., Balkin, Chambers and Sgroi, JJ., concur.