■ In the Matter of STATE OF NEW YORK, Respondent, v ROBERT F., Appellant. [978 NYS2d 345]—

The appellant, born in 1957, is a recidivist sex offender with multiple sexual offenses and related criminal convictions stretching back nearly 40 years. In May 2005, the appellant was sentenced to a five-year term of imprisonment on his latest conviction of sexual abuse in the first degree. The instant proceeding was commenced in May 2009. After a trial, a jury found that the appellant suffers from a mental abnormality (*see* Mental Hygiene Law § 10.03 [i]).

The matter proceeded to a dispositional hearing without a jury. At that hearing, the appellant disclosed that the victim of a 1974 rape of which he was convicted had been a stranger. Over the appellant's objection, the State was permitted to recall its expert witness to testify by live video that she would have increased her assessment of the appellant's recidivism risk score by one point had she been aware of that fact concerning the 1974 rape when she performed her analysis. Following the hearing, the appellant was confined to a secure treatment facility.

The appellant does not challenge the jury's finding that he suffers from a mental abnormality. Rather, he argues that the dispositional order should be vacated because the Supreme Court erred in permitting the State to recall its expert witness to offer additional testimony after the appellant presented his defense, and by admitting the expert testimony by live video.

Contrary to the appellant's contention, the hearing court did not improvidently exercise its discretion in permitting the State to present limited additional testimony from its expert at the dispositional hearing (*see* CPLR 4011; *Feldsberg v Nitschke*, 49 NY2d 636, 643-644 [1980]; *Bennett v Henry*, 39 AD3d 575, 576 [2007]; *Atlas Refrigeration-Air Conditioning, Inc. v Lo Pinto*, 33 AD3d 639, 640 [2006]; *Kay Found. v S & F Towing Serv. of Staten Is., Inc.*, 31 AD3d 499, 501 [2006]; *Frazier v Campbell*, 246 AD2d 509 [1998]).

Further, in the absence of an explicit prohibition, the trial court has the discretion to utilize live video testimony pursuant to its inherent power to employ innovative procedures where "necessary to carry into effect the powers and jurisdiction possessed by it" (Judiciary Law § 2-b [3]; *see People v Wrotten*, 14 NY3d 33, 37-38 [2009], *cert denied* 560 US 959 [2010]). The limited use of that power in the instant case was not an improvident exercise of discretion. In addition, it did not violate any constitutional right of the defendant (*see People v Beltran*, 110 AD3d 153, 161 [2013]), especially since the proceeding was civil in nature (*see Matter of State of New York v Floyd Y.*, 22 NY3d

95 [2013]). Skelos, J.P., Lott, Cohen and Hinds-Radix, JJ., concur.