Melody Sweet, Respondent, v Estella Rios et al., Appellants. [979 NYS2d 130]—

On June 25, 2007, the plaintiff was injured when a vehicle owned by the defendant Estella Rios and operated by the defendant Christopher Rios suddenly pulled out of a parking space on the side of the road and collided with her vehicle. At trial, the plaintiff presented evidence that she sustained, as a result of the accident, protrusions of the discs at C4-5 and C5-6, and disc bulges at L4 and L5-S1 with right-sided radiculopathy, causing her chronic pain in her lower back, and pain radiating from her right hip down to the bottom of her foot where she has a "needles and pins" sensation requiring her to use a cane. She also suffered a left shoulder superior labrum anterior-posterior lesion which required arthroscopic surgery and resulted in restricted mobility, and a right knee meniscus tear which required arthroscopic surgery which was "largely successful."

Although the trial court suggested it would declare a mistrial and grant a new trial if either party moved for one so that certain matters could be "cleaned up," the defendants declined to seek a mistrial prior to the verdict. Accordingly, the defendants waived the potential remedy of a mistrial, and cannot argue on appeal that a mistrial should have been declared (*see Rodriguez v Valentine*, 20 AD3d 558, 559 [2005]; *Bonilla v New York City Health & Hosps. Corp.*, 229 AD2d 371 [1996]; *see also* CPLR 4402; *Tirado v Miller*, 75 AD3d 153, 159 [2010]).

Contrary to the defendants' contention, the trial court providently exercised its discretion in permitting the plaintiff to

reopen her case to call her previously unavailable treating chiropractor as a witness and to introduce his complete office records into evidence. A trial court, in the exercise of discretion and for sufficient reasons, may allow a party to reopen and correct defects in evidence that have inadvertently occurred (*see Kay Found. v S & F Towing Serv. of Staten Is., Inc.*, 31 AD3d 499, 501 [2006]; *Kennedy v Peninsula Hosp. Ctr.*, 135 AD2d 788, 790-791 [1987]; *see also Feldsberg v Nitschke*, 49 NY2d 636, 643-644 [1980]). When a motion to reopen is made, the trial court should consider whether the movant has provided a sufficient offer of proof, whether the opposing party is prejudiced, and whether significant delay in the trial will result if the motion is granted. Here, the plaintiff proffered a sufficient reason for the request and specified the evidence she would present if permitted to reopen, the defendants were not prejudiced by the presentation of such proof, and there was no undue delay (*see Kay Found. v S & F Towing Serv. of Staten Is., Inc.*, 31 AD3d at 501; *Frazier v Campbell*, 246 AD2d 509, 510 [1998]; *Veal v New York City Tr. Auth.*, 148 AD2d 443, 444 [1989]).

The amount of damages to be awarded to a plaintiff for personal injuries is a question for the jury, and its determination will not be disturbed unless the award deviates materially from what would be reasonable compensation (*see* CPLR 5501 [c]; *Brown v Elliston*, 42 AD3d 417 [2007]). Under the circumstances presented herein, the jury award of $620,000 for future pain and suffering ($20,000 per year for 31 years) deviated materially from what would be reasonable compensation (*see* CPLR 5501 [c]; *Zimnoch v Bridge View Palace, LLC*, 69 AD3d 928 [2010]; *Conte v City of New York*, 300 AD2d 430 [2002]). An award of $465,000 ($15,000 per year for 31 years), would constitute reasonable compensation (*see Johnson v Freihofer Baking Co., Inc.*, 16 AD3d 461 [2005]).

The defendants' remaining contention is without merit. Skelos, J.P., Dickerson, Cohen and Hinds-Radix, JJ., concur.