■ MRI Enterprises, Inc., Respondent, v Comprehensive Medical Care of New York, P.C., Appellant. [996 NYS2d 119]—

In an action, inter alia, to recover damages for breach of contract, the defendant appeals from a judgment of the Supreme Court, Nassau County (Bucaria, J.), entered August 29, 2012, which, upon a decision of the same court dated August 3, 2012 (Galasso, J.), made after a nonjury trial, is in favor of the plaintiff and against it in the total sum of $497,437.42.

Ordered that the judgment is affirmed, with costs.

A court may amend pleadings before or after judgment to conform them to the evidence (*see* CPLR 3025 [c]). Where no prejudice is shown, an amendment may be allowed during or even after trial (*see Dinizio & Cook, Inc. v Duck Cr. Mar. at Three Mile Harbor, Ltd.*, 32 AD3d 989, 990 [2006]; *Matter of Denton*, 6 AD3d 531, 532 [2004]). Furthermore, an application for a continuance or adjournment is addressed to the sound discretion of the trial court, and the grant or denial thereof will be upheld on appellate review if the trial court providently exercised its discretion (*see Matter of Winfield v Gammons*, 105 AD3d 753, 754 [2013]; *Diamond v Diamante*, 57 AD3d 826, 827 [2008]; *Noble Thread Corp. v Noble Group Corp.*, 46 AD3d 778, 779 [2007]; *Nieves v Tomonska*, 306 AD2d 332, 332 [2003]). A trial court, in the exercise of discretion and for sufficient reasons, may allow a party to reopen his or her case, and supplement the evidence to cure any defects in the evidence that have inadvertently occurred (*see Fischer v RWSP Realty, LLC*, 63 AD3d 878, 878 [2009]; *Kay Found. v S & F Towing Serv. of Staten Is., Inc.*, 31 AD3d 499, 501 [2006]).

Here, under the circumstances of this case, the Supreme Court providently exercised its discretion in, sua sponte, amending the pleadings, continuing the trial, and permitting the plaintiff to reopen its case to present additional proof of damages (*see Sweet v Rios*, 113 AD3d 750 [2014]; *Thomas v Rogers Auto Collision, Inc.*, 69 AD3d 608 [2010]).

Contrary to the defendant's contention, the bank records admitted into evidence at the continued hearing on damages were admissible as self-authenticating documents (*see Thomas v Rogers Auto Collision, Inc.*, 69 AD3d at 609; *Elkaim v Elkaim*, 176 AD2d 116 [1991]).

The defendant's remaining contentions are without merit. Skelos, J.P., Roman, Maltese and Duffy, JJ., concur.