■ STACEE LIEBERMAN-MASSONI, Respondent, v JOHN MASSONI, Appellant. [46 NYS3d 126]—

Appeal by the defendant from an order of the Supreme Court, Westchester County (Lawrence H. Ecker, J.), dated December 5, 2014. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were to reopen the trial based upon newly discovered evidence and for interim counsel fees to the extent of awarding the sum of $40,000.

Ordered that the order is affirmed insofar as appealed from, with costs.

The parties were married in 1997 and are the parents of two children. In February 2012, the plaintiff commenced this action for a divorce and ancillary relief. After the conclusion of the trial in July 2014, but before judgment was rendered, the plaintiff moved, in relevant part, to reopen the trial based upon newly discovered evidence related to the fair valuation of the defendant's membership interest in his corporate employer and for an award of interim counsel fees in the sum of $50,000. By order dated December 5, 2014, the Supreme Court granted those branches of the plaintiff's motion which were to reopen the trial and for interim counsel fees to the extent of awarding the sum of $40,000, subject to reallocation at the conclusion of the trial. The defendant appeals.

"[T]rial courts have the power to permit a litigant to reopen a case under appropriate circumstances" (*Morgan v Pascal*, 274 AD2d 561, 561 [2000]). "When a motion to reopen is made, the trial court should consider whether the movant has provided a sufficient offer of proof, whether the opposing party is prejudiced, and whether significant delay in the trial will result if the motion is granted" (*Sweet v Rios*, 113 AD3d 750, 752 [2014]; see *Kay Found. v S & F Towing Serv. of Staten Is., Inc.*, 31 AD3d 499, 501 [2006]). Here, the Supreme Court providently exercised its discretion in granting that branch of the plaintiff's motion which was to reopen the trial to present newly discovered evidence (see *Sweet v Rios*, 113 AD3d at 751-752; *Frazier v Campbell*, 246 AD2d 509, 510 [1998]; *Carney v Carney*, 236 AD2d 574, 575-576 [1997]).

The Supreme Court providently exercised its discretion in granting that branch of the plaintiff's motion which was for interim counsel fees to the extent of awarding $40,000, subject

to reallocation at the conclusion of the trial (*see* Domestic Relations Law § 237 [a]; *Woodford v Woodford*, 100 AD3d 875, 877 [2012]). Chambers, J.P., Roman, Miller and Barros, JJ., concur.