Degraw Constr. Group, Inc. v McGowan Bldrs., Inc. (2019 NY Slip Op 08820)





Degraw Constr. Group, Inc. v McGowan Bldrs., Inc.


2019 NY Slip Op 08820


Decided on December 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2018-00940
2018-05951
 (Index No. 8072/14)

[*1]Degraw Construction Group, Inc., respondent,
v
McGowan Builders, Inc., et al., appellants, et al., defendants.


Law Firm of Joseph J. Hocking LLC, New York, NY, for appellants.
Zisholtz & Zisholtz, LLP, Garden City, NY (Joseph McMahon of counsel), for respondent.



DECISION & ORDER
In a consolidated action, inter alia, to foreclose mechanic's liens, the defendants McGowan Builders, Inc., and Liberty Mutual Insurance Company appeal from (1) an order of the Supreme Court, Kings County (Mark I. Partnow, J.), dated September 5, 2017, and (2) a judgment of the same court dated March 23, 2018. The order, insofar as appealed from, granted that branch of the motion of the defendants McGowan Builders, Inc., and Liberty Mutual Insurance Company which was for summary judgment on their counterclaims for damages pursuant to Lien Law § 39-a only to the extent of awarding them the sum of $25,645. The judgment, insofar as appealed from, upon the order, awarded the defendant McGowan Builders, Inc., the principal sum of only $25,645.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
The defendant McGowan Builders, Inc. (hereinafter McGowan), was a general contractor on construction projects for the defendants YMCA of Greater New York and Nan Shan Local Development Corp. The plaintiff subcontracted with McGowan to perform certain work on each project. In April 2013, the plaintiff and McGowan entered into a settlement agreement to terminate the subcontracts. Pursuant thereto, the parties agreed, inter alia, that McGowan would pay the plaintiff $150,000 in installments, and the parties would release each other from all potential claims arising from the projects except, inter alia, for claims arising from latent defects in workmanship. The agreement further provided that if either party breached the agreement, the other party's sole remedy would be to seek enforcement of the terms of the agreement. Subsequently, after paying $100,000 pursuant to the agreement, McGowan informed the plaintiff that it would make no further payments because latent defects had been discovered in the plaintiff's work. Rather than seeking to enforce the agreement, the plaintiff filed mechanic's liens against the properties associated [*2]with the projects, and commenced two actions, inter alia, to foreclose on the liens, which were consolidated in the Supreme Court, Kings County. McGowan and the defendant Liberty Mutual Insurance Company (hereinafter Liberty), which posted surety bonds to discharge the liens, served answers interposing counterclaims alleging, inter alia, that the mechanic's liens were barred by the settlement agreement and therefore were willfully exaggerated.
McGowan and Liberty moved, inter alia, for summary judgment on their counterclaims. The Supreme Court granted the motion, finding, inter alia, that the mechanic's liens were invalid because they were precluded by the terms of the settlement agreement. The court awarded McGowan damages in the sum of $25,645, representing the sum McGowan paid Liberty in premiums for the bonds given to obtain discharge of the liens. McGowan and Liberty appeal, contending that they were entitled to additional damages and attorneys' fees under Lien Law § 39-a based on the plaintiff's alleged willful exaggeration of the mechanic's liens.
When a court determines that a mechanic's lien is void due to willful exaggeration, the person filing such notice of lien is liable in damages to the owner or contractor (see Lien Law § 39-a). "The damages which said owner or contractor shall be entitled to recover, shall include the amount of any premium for a bond given to obtain the discharge of the lien . . . , reasonable attorney's fees for services in securing the discharge of the lien, and an amount equal to the difference by which the amount claimed to be due or to become due as stated in the notice of lien exceeded the amount actually due or to become due thereon" (Lien Law § 39-a). However, "[t]he Legislature intended the remedy in Lien Law § 39-a to be available only where the lien was valid in all other respects and was declared void by reason of willful exaggeration after a trial of the foreclosure action" (Guzman v Estate of Fluker, 226 AD2d 676, 678; see Atlas Refrigeration-Air Conditioning, Inc. v Lo Pinto, 33 AD3d 639, 640). Moreover, "[t]he remedy in Lien Law § 39-a requires a finding that the lienor deliberately and intentionally exaggerated the lien amount, and is available only where the lien is otherwise valid" (Saratoga Assoc. Landscape Architects, Architects, Engrs. & Planners, P.C. v Lauter Dev. Group, 77 AD3d 1219, 1223 [citation and internal quotation marks omitted]).
Here, McGowan and Liberty contended in their motion for summary judgment, and the Supreme Court determined, that both of the plaintiff's mechanic's liens were invalid in their entirety because the plaintiff was precluded by the settlement agreement from asserting them, and was instead relegated to seeking enforcement of the agreement as its sole remedy for McGowan's alleged breach of the agreement's terms. Therefore, under these circumstances, damages under Lien Law § 39-a for willful exaggeration of the liens were unavailable, as the liens were not otherwise valid (see Saratoga Assoc. Landscape Architects, Architects, Engrs. & Planners, P.C. v Lauter Dev. Group, 77 AD3d at 1223; Atlas Refrigeration-Air Conditioning, Inc. v Lo Pinto, 33 AD3d at 640; Wellbilt Equip. Corp. v Fireman, 275 AD2d 162, 165-167; Guzman v Estate of Fluker, 226 AD2d at 678; cf. Westbury S & S Concrete v Manshul Constr. Corp., 212 AD2d 596). Accordingly, we affirm the judgment insofar as appealed from.
MASTRO, J.P., LEVENTHAL, DUFFY and BRATHWAITE NELSON, JJ., concur.
WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.

2018-00940 DECISION & ORDER ON MOTION
2018-05951
Degraw Construction Group, Inc., respondent,
v McGowan Builders, Inc., et al., appellants,
et al., defendants.
(Index No. 8072/14)

Motion by the respondent, on appeals from an order of the Supreme Court, Kings County, dated September 5, 2017, and a judgment of the same court dated March 23, 2018, inter alia, in effect, to dismiss the appeals on the ground that they have been rendered academic. By decision and order on motion of this Court dated March 15, 2019, the branch of the motion which is, in effect, to dismiss the appeals as academic was held in abeyance and referred to the Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeals, it is
ORDERED that the branch of the motion which is, in effect, to dismiss the appeals is denied.
MASTRO, J.P., LEVENTHAL, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court