Bishop v Bishop (2024 NY Slip Op 04450)

Bishop v Bishop

2024 NY Slip Op 04450

Decided on September 18, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 18, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2020-09603
 (Index No. 818/15)

[*1]Catherine Bishop, appellant,
v
Kevin Bishop, respondent.

Ronald A. Phillips, P.C., Orangeburg, NY, for appellant.

DECISION & ORDER
In an action for a divorce and ancillary relief, the plaintiff appeals from stated portions of a judgment of divorce of the Supreme Court, Rockland County (Robert M. Berliner, J.), dated November 24, 2020. The judgment of divorce, upon a decision of the same court dated January 10, 2018, made after a nonjury trial, inter alia, determined that a business in which the defendant had an interest was his separate property, imputed income to the defendant in the sum of only $100,000 per year, and awarded the plaintiff attorneys' fees in the sum of only $20,000.
ORDERED that the judgment of divorce is affirmed insofar as appealed from, without costs or disbursements.
The parties were married in August 2006, and they are the parents of three children. The plaintiff commenced this action for a divorce and ancillary relief in May 2015. The plainitff appeals from stated portions of the judgment of divorce.
"Equitable distribution presents issues of fact to be resolved by the trial court and should not be disturbed on appeal unless shown to be an improvident exercise of discretion" (Santamaria v Santamaria, 177 AD3d 802, 804 [internal quotation marks omitted]; see Kaufman v Kaufman, 189 AD3d 31, 36). Here, the Supreme Court did not improvidently exercise its discretion in determining that the defendant's ownership interest in a certain business, which he obtained prior to the marriage, was his separate property (see Domestic Relations Law § 236[B][1][d][1]; see also Turco v Turco, 117 AD3d 719, 721; Morales v Inzerra, 98 AD3d 484).
"[W]here one spouse contributed monies derived from separate property toward the acquisition of the marital residence," he or she generally will receive "a credit for that contribution" (Fields v Fields, 15 NY3d 158, 166; see Ferrante v Ferrante, 186 AD3d 566, 568). The Supreme Court did not improvidently exercise its discretion in awarding the defendant a credit in the sum of $35,000 for his contribution toward the down payment on the marital home made from his separate property (see Fields v Fields, 15 NY3d at 166; Alliger-Bograd v Bograd, 180 AD3d 975, 977).
Contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in imputing income to the defendant in the sum of only $100,000 for purposes of calculating child support and spousal maintenance. "A court need not rely upon a party's own account of his [or her] finances, but may impute income based upon the party's past income or [*2]demonstrated future potential earnings" (Steinberg v Steinberg, 59 AD3d 702, 705; see Nerayoff v Rokhsar, 168 AD3d 1071, 1077). "The court may impute income to a party based on his or her employment history, future earning capacity, educational background, or money received from friends and relatives" (Wesche v Wesche, 77 AD3d 921, 923).
The Supreme Court found that the defendant's 2015 earnings were $80,000 and imputed to the defendant an additional $20,000 in annual income based, inter alia, on the parties' tax records. The court providently exercised its discretion in imputing income to the defendant in the sum of $100,000 based on the record (see Novick v Novick, 214 AD3d 995, 996; Matter of Capone v Westbrook, 214 AD3d 975). In addition, the court providently exercised its discretion in determining the duration of the spousal maintenance award, given, among other things, the evidence of the parties' standard of living, the ages of the parties' children, and the parties' earning capacities (see Bari v Bari, 200 AD3d 835, 8737-838; Silvers v Silvers, 197 AD3d 1195, 1199).
Based on the record, the Supreme Court did not improvidently exercise its discretion in awarding the plaintiff attorneys' fees in the sum of only $20,000, rather than the sum requested of $122,760 (see A.K. v T.K., 150 AD3d 1091, 1094; Lieberman-Massoni v Massoni, 146 AD3d 869, 869-870).
DILLON, J.P., CHAMBERS, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court